LOVELESS *v*. STATE.

Opinion delivered June 19, 1897

EXECUTION—SUFFICIENCY OF RETURN.—Where a constable presented an execution to the justice who issued it, with his return properly indorsed, within thirty days from the date of its issuance, and the justice without marking it "Filed," directed him to leave it with another, which was done, the constable's delivery of the writ was a sufficient return within the required period of time, although the justice did not mark the writ "Filed" until after the thirty days had expired.

Appeal from Hempstead Circuit Court.

RUFUS D. HEARN, Judge.

*J. D. Conway* and *W. S. McCain*, for appellant.

A return consists in (1) an indorsement upon the writ stating what has been done, signed by the officer, and (2) filing the writ in the office of the justice. 60 Ark. 182. The indorsement was properly made, and it *was returned within the time.* 60 Ark. 182; 21 *id.* 580; 28 *id.* 244; 19 Am. & Eng. Enc. Law, p. 461; 12 Ark. 63; 120 Mass. 130; 44 Ark. 174, 580.·

*D. B. Sain* and *W. C. Rodgers*, for appellee.

A justice is a judicial officer, and cannot delegate his authority. Const. Ark. 1874, art. 7, § 38; *id.* §§ 40, 41; 6 M. & W. 721; 75 N. Y. 388; 6 N. Y. 92; 3 Burr. 1259, 1260. The writ cannot be returned to another. 4 How. Pr. 205; 13 Ala. 314, 321; Alderson, Jud. Writs & Proc. § 188; 45 Me. 544, ·546, 547; 4 Ill. 125; Broom's Leg. Max. (8 Ed.) 841; 113 N. C. 1; 73 N. Y. 73; 68 Mo. 115. The writ must be returned and filed within the time. 60 Ark. 182, 185.

HUGHES, J. This is an appeal from a judgment against the appellant Loveless and the sureties on his bond as constable for failure upon his part as constable to return an execution within thirty days, as required by the statute. The execution was issued on the 15th day of January, 1894, and received by the constable the same day, and on that day the constable wrote

his return of *nulla bona* upon the execution. The thirty days within which the execution was to be returned expired the 14th of February, 1894. On the 12th of February, 1894, the constable, having the execution with him ready to be returned, met the justice of the peace who issued it, and told him he was ready to return it, when the magistrate told him he was going away, and directed him to turn it over to George Wolf, with his return upon it, which direction he obeyed.

It appears that the execution was not filed by the justice until the 16th of February, 1894, owing, doubtless, to the fact of his absence for a day or two after the constable met him, at the time he informed the magistrate that he was ready to return the execution, and was directed by the magistrate to leave it with George Wolf, at his store, where the magistrate kept his office. The magistrate swore that, in a day or two after this, he returned, and Wolf handed him the execution.

We are of the opinion that the constable returned the execution within thirty days from the date of its issuance, by offering to deliver it to the magistrate within the thirty days, and by depositing it according to the direction of the magistrate with Geo. Wolf. He had the full thirty days within which to return it. What more could reasonably be required of him than that he make his return upon the writ, and offer to file it with the magistrate, with his return endorsed within thirty days? If the magistrate did not take and mark it "Filed," it was no fault of the constable.

It matters not that it was not at a place where the magistrate kept his office, as magistrates frequently have no fixed place for their offices.

Reversed and remanded for a new trial.

Absent Wood, J.