### PEERY v. MAULDIN.

Opinion delivered October 25, 1915.

1. EXECUTIONS—RETURN BY CONSTABLE—PROOF.—Where the records of a justice of the peace show that an execution was delivered to the constable on a certain date, and was thereafter found, within thirty days, among the official papers of the justice, the proof will be held sufficient to show that the constable returned the execution within thirty days from the date of its issuance, by delivering it to the justice of the peace by whom it was issued.

2. EXECUTIONS—FAILURE TO MAKE LEVY—LIABILITY OF CONSTABLE.—In order for a plaintiff to recover from a constable under Kirby's Digest, § 3286, for failure to make a levy upon defendant's property pursuant to an execution issued, plaintiff must prove that during the life of the writ of execution that his debtor was possessed of property liable to be seized under the writ and that the constable neglected to seize the said property.

Appeal from Mississippi Circuit Court; Chickasawba District; *J. F. Gautney,* Judge; affirmed.

Appellant, *pro se.*

1. No levy was made according to law. Bouvier Law Dict., ''Levy''; Words and Phrases, p. 4104; 5 Ark. 377; 29 *Id.* 277.

2. No legal and valid return of the execution was made. 60 Ark. 185; 118 Ark. 349; Kirby's Dig., §§ 4620-4621.

3. Appellee had no right to take and approve the bond. Kirby's Dig., § 4620; 70 Ark. 54; 35 Cyc. 1711-1712; 5 Cyc. 546; 62 Ark. 135; 34 *Id.* 530; 35 Cyc. 753; 82 Ark. 414; Freeman on Ex. (2 ed.) § 32, p. 72.

4. The bond was never filed. It bore no file mark. No certificate of stay was issued. Kirby's Dig., §§ 4629, 4668-4669.

*W. D. Gravette,* for appellees.

1. The findings of fact by the judge are conclusive. 68 Ark. 83; 66 *Id.* 53; 102 *Id.* 200; 103 *Id.* 61; 79 *Id.* 608.

2. No levy was necessary as a stay bond was given. Kirby's Dig., §§ 4620, 4621, 4622, 3237; 28 Ark. 35; 49 *Id.* 58. The execution was a lien.

3. The return is conclusive. 60 Ark. 185; 23 *Id.* 268. The constable performed his duty. The failure of the justice to file did not render the constable liable. 64 Ark. 205.

HART, J. R. E. Peery instituted this action against S. D. Mauldin under Section 3286 of Kirby's Digest to recover $141.11 for the alleged negligent failure to levy an execution and for the alleged failure to return the same within the time prescribed by law. The facts are as follows:

R. E. Peery sued R. E. Mangrum before H. C. Hall, justice of the peace, and recovered judgment for the amount sued for. Hall issued an execution on the judgmentment and placed it in the hands of the defendant S. D. Mauldin as constable of Chickasawba Township, Mississippi County, Arkansas. The execution was issued on April 14, 1914, and the following return is endorsed on it:

"This writ came to hand on the 17th day of April, 1914, and I have duly served the same by showing and reading to R. E. Mangrum and now return this execution with stay bond filed April 29, 1914. S. D. Mauldin, Constable."

Hall, the justice of the peace before whom the case was tried, testified that he had no recollection of the execution being returned, but knew that it must have been returned because he found it in the pigeon-hole of his desk five or six days before the trial; that he remembered filling out a blank stay bond at the request of S. D. Mauldin, the constable, and either at that time, or sometime afterwards, copied the endorsement of costs as they appear on the back of the stay bond.

The endorsement referred to shows a fee of seventy-five cents for approving the stay bond. The constable had approved it and had charged and was allowed a fee of seventy-five cents for doing so.

The justice further stated that he never issued any certificate that a stay bond had been taken to anybody and that he had no recollection of seeing the bond after the constable asked him to draw it up for him; and that the bond was never filed with him.

The stay bond was executed by R. E. Mangrum and Mack Rogers and there appears upon it the following endorsement: "Approved this April 29, 1914, S. D. Mauldin, Constable." There also appears, among other things, the following item of cost: "Taking stay bond, seventy-five cents."

The court found in favor of the defendant Mauldin and the plaintiff Peery has appealed.

(1) The judgment of the circuit court was right. It sufficiently appears from the return made by the constable that the execution was returned within the time prescribed by law. The return of the officer shows that the execution with the stay bond attached thereto was returned to the justice of the peace who issued the execution on April 29, 1914. The execution was delivered to the constable on the 17th day of April, 1914, and was found among the official papers of the justice of the peace. We are of the opinion that this is sufficient to show that the constable returned the execution within thirty days from the date of its issuance by delivering it to the justice of the peace by whom it was issued, See *Loveless* v. *State,* 64 Ark. 205.

(2) The complaint alleges that the constable failed to levy the execution upon the property of the defendant in execution, but does not allege that the defendant in execution had property at the time upon which to make the levy. There is nothing in the record which tends to show that the defendant in execution was possessed of any kind of property which the constable could have seized under execution. In order to enable the plaintiff

to recover it was incumbent upon him to prove that during the life of the writ of execution his debtor was possessed of property liable to be seized under the writ and that the constable neglected to seize said property. *State v. Kirby,* 6 Ark. 454; *Conway v. Magill* (Neb.) 73 N. W. 702; *Stevenson v. Judy,* 49 Mo. 227; *Smith v. Heineman,* 118 Ala. 195, 24 So. 364; *Phelps v. Cutler,* 4 Gray (Mass.) 137.

It follows that the judgment must be affirmed.