Shaw, Adm'r, v. Partridge.

GEORGE B. SHAW, Administrator of ROBERT ·MOODY, v. JOHN W. PARTRIDGE.

The rents, which accrue from the wife's real estate during coverture, are the absolute property of the husband, and, in case of his decease, do not survive to the wife, but are assets in the hands of the husband's administrator and must be collected by him.

If the lessee have covenanted, by the terms of the lease, to pay rent to the lessor, he does not become discharged from this liability by assigning the leasehold premises to a third person; but, in case the rent is not paid by the assignee, as it becomes due, an action of covenant may be sustained against the lessee therefor; and it makes no difference, in this respect, that the lessor may have received rent from the assignee, and accepted him as tenant of the premises. But, *Per* HEBARD, J., it would be different, if the action were debt, instead of covenant broken.

A lessor by perpetual lease, reserving rent, has an assignable interest in the estate; and if he assign his interest to one as administrator of the estate of a deceased person, such administrator will hold that interest, as assets of the estate, in the same manner and for the same purpose that he holds the other property of the estate, and subject to the same order of the probate court.

And if, the lessor's interest in the estate being thus assigned to an administrator of an intestate, the probate court decree the same, as part of the intestate's estate, to the widow of the intestate, it will become her property; and, the covenant to pay rent running with the land, she, or her husband, if she subsequently marry, may maintain an action upon that covenant against the lessee.

And in such case there is no variance, though the declaration describe a personal covenant by the lessee, and the lease offered in evidence show a covenant running with the land.

THIS was an action of covenant, brought to recover the rent reserved by a lease, and was commenced by Robert Moody, who deceased after the service of the writ upon the defendant and prior to the return day of the same. The plaintiff, Shaw, was appointed administrator upon the estate of Moody, and entered to prosecute the action before the justice, to whom the writ was made returnable, and the action came to the county court by appeal.

It was alleged, in the declaration, that, on the first day of April, 1820, one William L. Harrington leased to the defendant certain

premises, by perpetual lease, reserving a yearly rent of $30.90; that the defendant entered into possession of the demised premises; that, on the first day of November, 1828, the said Harrington, by deed of assignment, transferred &c. to Jabez Penniman, administrator of the estate of George Y. Harrington, deceased, the said premises and rights demised and set forth in the said lease, together with the lease itself; that the said premises, on the first day of January, 1839, were, by the probate court for the district of Chittenden, set off to Adelia A. Harrington, widow of the said George Y. Harrington, as a part of her dower in the estate of her said husband; that afterwards the said Moody was married to the said Adelia, and was, at the time of commencing this action, her husband; and that one year's rent, which became due April 1, 1841, was still in arrear and unpaid to the said Moody.

The defendant pleaded several pleas, as follows:—1. *Non est factum.* 2. That, after the service of this writ, and before the return day of the same, the said Moody deceased; and that thereupon the said rent, sued for, survived to the said Adelia, his widow, and vested exclusively in her; and therefore the administrator could not prosecute this action. 3. The same, in substance, as the second. 4. That there never was any such deed of assignment, from William L. Harrington to Jabez Penniman, as described in the plaintiff's declaration. 5. That the said William L. Harrington conveyed all his interest in said estate to one Jabez Penniman, to hold to him and his heirs and assigns forever, and that the same was the property of the said Penniman at the time of the commencement of this action, *absque hoc,* that the same ever belonged to the estate of the said George Y. Harrington, or to the said Adelia. 6. That the defendant, after the making of the lease, and before the rent sued for became due, assigned all his interest and estate in the demised premises to one Frederick Purdy, who entered into possession thereof, and that the said Adelia accepted the said Purdy, as tenant of the premises, and received from him, as such tenant, one year's rent. 7. That after the making of the said lease, and before the rent sued for became due, the defendant assigned all his interest in the premises to one Nathaniel Blood, who entered into possession of said premises; and that, after the entry of said Blood, the said Moody, then being the husband of the said Adelia,

accepted the said Blood as the true and only tenant of the premises, and received from him one year's rent of the premises.

The plaintiff demurred to the second, third, sixth and seventh pleas, and joined issue upon the first and fourth, and replied to the fifth plea, that, at the time of the decree of the probate court, mentioned in the declaration, the said rents and profits and all interest in the same belonged to the estate of the said George Y. Harrington; and upon this replication to the fifth plea the defendant joined issue. Trial by the court.

On trial the parties admitted the existence of the decree of the probate court, setting off the rents reserved upon said estate to the said Adelia, then the widow of George Y. Harrington, and also the intermarriage of the said Adelia with the said Moody, and the death of said Moody. The plaintiff then offered in evidence the lease declared upon, which contained a covenant in these words; "And the said John W. Partridge, for himself, his heirs, executors ' and administrators, doth covenant and agree to and with the said ' William L. Harrington, his executors, administrators and assigns, ' that he, the said John W. Partridge, his executors, administrators ' and assigns, shall well and truly pay, or cause to be paid, unto the ' said William L. Harrington, his heirs, executors, administrators, ' or assigns, the aforesaid yearly rent or sum of $30.90, on the said ' first day of April annually, during the term of this lease," &c. The term of the demise was expressed to be " from the day of the date of this lease, so long as grass grows and water runs." The plaintiff also offered in evidence an assignment of the said lease, and of the interest of the lessor in the demised premises, from William L. Harrington to Jabez Penniman, which purported to convey the same to said Penniman, "as administrator to the estate of George Y. Harrington, late of said Burlington, deceased," to have and to hold " to him, the said Jabez, in his capacity aforesaid, and to his heirs and assigns forever." To the admission of these papers the defendant objected, upon the ground of variance between them and the declaration, but the court overruled the objection, and admitted them in evidence.

Upon this evidence the court rendered judgment in favor of the plaintiff upon all the issues joined in the case. Exceptions by defendant.

Shaw, Adm'r, v. Partridge.

*C. D. Kasson* for defendant.

I. The declaration is bad in substance.

1. On a covenant entered into before coverture, and on which the husband claims in right of his wife, the wife should be joined.

2. The declaration shows no such *privity* of either *estate*, or *contract*, in the plaintiff, as to give him a right of action on the covenant. 1 Ch. Pl. 402. Stephen's Pl. 328-31.

3. Even though Moody took his interest in the lease by actual *assignment* from the original lessor and his assigns to himself, he could not maintain this action against the original lessee,—between whom and himself there is no *privity of contract*. The assignee of the covenantee cannot, at common law, maintain an action on an *express* or *personal* covenant of the lessee; and all the cases, which seem to sustain the contrary doctrine, are those controlled by the statute of 32 Hen. 8., c. 34. *Thursby* v. *Plant*, 1 Saund. 240, n. *3, 6. Vernon* v. *Smith*, 5 B. & Ald. 1. *Milnes* v. *Branch*, 5 M. & S. 416. *Church* v. *Brown*, 15 Ves. 262, 263. 1 Ch. Pl. 18, 19, 23, n.

II. There is a variance between the covenant declared on, which is *personal to the defendant*, and the covenant offered in evidence, which is evidently intended to run with the land, as it binds both the covenantor and his assigns.

III. If there be no variance, then does the covenant in the lease *run with the land* and follow the assignment of the lessee? The true distinction is taken by this court in *Kimpton* v. *Walker*, 9 Vt. 199, where it is said, if the assignee would be liable and bound to discharge the covenant, then it does run with the land, and an assignment of the term and acceptance of the tenant discharge the original lessee, as is alleged in the sixth and seventh pleas. *Holford* v. *Hatch*, 1 Dougl. 186, and note. *Williams* v. *Bosanquet*, 5 E. C. L. 72. *Marrow* v. *Turpin*, Cro. Eliz. 715. The seventh plea alleges, that the assignee expressly covenanted to pay the rent, &c., and that he was accepted by the lessor and his assignees. So the lessor and his assigns might have covenant against him by *privity of contract*, debt, by *privity of estate*, or ejectment, for non payment of rent;—which shows that all privity is destroyed, as between these parties.

IV. The rent survives to the wife of Moody. It was not the

*land*, but the right to the *annuity*, or rent reserved, to which the wife was entitled; and this, not being reduced to possession during coverture, survives to the wife. The *annuity* was her "estate,"— the *land* was the estate of the lessee.

V. The effect of the assignment to Penniman was to vest the estate in him, and not in the estate of G. Y. Harrington. The words "administrator" &c. are mere *descriptio personæ.* Story on Ag. 150, §151. The words "heirs and assigns" are the technical, operative words, to convey an estate of *inheritance*, or *fee;* Shep. Touch. 101, 108–9. *Turrett* v. *Taylor*, 3 U. S. Cond. R. 263. 8 Johns. 303. 9 Johns. 74.

——————— for plaintiff.

1. The rents which accrued during coverture, and which were unpaid at the decease of Moody, go to his executor, and not to the widow. 1 Sw. Dig. 28, 37. *Decker* v. *Livingston*, 15 Johns. 479. 2 Kent 110, 113. Reeve's Dom. Rel. 30.

2. The lease contains an express covenant to pay rent; and in such case the original lessee is liable to an action of covenant, notwithstanding his interest in the lease was assigned, and rent has been accepted from. the assignee. *Auriol* v. *Mills*, 4 T. R. 94. *Thursby* v. *Plant*, 1 Saund. R. 233, & n. 5. 1 Ch. Pl. 36. Dane's Ab. c. 106, art. 5, §1. 4 Cruise 72, 76.

3. The assignment to Penniman, in the terms used, could not vest the legal title to the premises in Penniman, in his personal capacity, but did vest the whole estate and interest therein in those who were entitled by our law of distribution of estates; *Sumner, Adm'r*, v. *Williams*, 8 Mass. 162.

4. The rent reserved in the lease is an incorporeal hereditament, and, as such, the widow was entitled to dower therein. Rev. St. 289, §1. 2 Bl. Com. 132. 4 Kent 40, 41.

5. But, should the court be of opinion that the assignment to Penniman vested the legal estate in him as a private person, then we say, that, at least, it conveyed the premises to him in trust for the benefit of George Y. Harrington's estate; Rev. St. 315, §22; and we are relieved by the statute of Hen. 8. This statute has executed the use, thereby making the legal representatives of the estate of George Y. Harrington complete owners of the lands and tene-

ments, as well at law as in equity. 2 Bl. Com. 333. 1 Saund. R. 254, n. 6. *Williston* v. *White*, 11 Vt. 40. Thus the use became liable *to dower*, and was properly set off to the widow of George Y. Harrington; 2 Bl. Com. 233; Reeve's Dom. Rel. 90; and the legal right to sue for and recover the rents, which accrued after her marriage with Moody, vested in the plaintiff.

The opinion of the court was delivered by

HEBARD, J. This action is based upon a lease from William L. Harrington to the defendant, dated April 1, 1820, which lease contains a covenant on the part of the defendant to pay to the said Harrington, his heirs, or assigns, a yearly rent. On the first day of November, 1828, the said Harrington assigned this indenture, and all his interest in the premises, to Jabez Penniman as administrator of the estate of George Y. Harrington. This interest was, by the probate court, on the first day of January, 1839, set off to the widow of the said George Y. Harrington, as part of her dower in his estate. Afterwards the said Moody intermarried with the widow, and, after suit brought, but before trial, he deceased. To the action the defendant has pleaded several pleas in bar, some of which were traversed, and the others demurred to. Upon these pleas several questions are presented.

And the first is, whether this suit can progress, after the decease of Moody, in the name of his administrator. By the marriage Moody became possessed of whatever interest his wife had in the premises; and the rent, that became due in his lifetime, was his, and subject to his control. This rent having accrued during coverture, it was not necessary to join his wife in the suit, and it does not survive to the wife. The result would be, that, if the husband, in his lifetime, had not commenced the suit, after his decease this rent, which accrued in his lifetime, and during coverture, would be assets in the hands of the administrator, and must be collected by him.

It is farther objected to the plaintiff's right of recovery, that there is no such privity of contract between the parties, as gave Moody any right to recover,—on the ground that the defendant, before this rent had accrued, had transferred and assigned all his interest in the lease and the premises to another person. This objection would

as well lie, if the action had been brought by Harrington, the *lessor*, as when brought by an *assignee* of the *lessor;* and this must depend upon the *covenant.*

The plea, upon which this question arises, and to which there is a demurrer, alleges, that, before any of this rent accrued, the defendant set over and assigned all his interest in the premises to one Blood, who entered and took possession of the same ; and that afterwards the said Moody received of said Blood one year's rent, and then and there accepted said Blood as the only true and proper tenant of the premises. All that may be true, and not discharge the defendant from his covenant. If the action had been debt, instead of covenant broken, it would be different.

When the landlord leases the premises, he takes into consideration the fitness and responsibility of the lessee. The lessee assigns the premises to whom he pleases ; the landlord has nothing to do in selecting the under-tenant. But it is a common principle of law, that, when a man enters into an express covenant to pay rent, that covenant continues binding upon him, notwithstanding he have assigned the lease. The same rule of law, that would thus relieve him from his liability on his covenant, would absolve him from any liability upon his promise to pay a stipulated sum for the purchase of property, if he should see fit to divest himself of that property, before the promise was enforced. This point is fully established in the case of *Auriol* v. *Mills*, 4 T. R. 94. That is a strong case and establishes more, than is necessary in the present case. There the lessee had been dispossessed of the demised premises, before the rent became due, by the operation of law and the acts of other persons. In the case at bar the defendant, by his own deed, assigned the premises to Blood voluntarily.

The main question remains to be considered ; and that is, whether Adelia A. Harrington, the widow of George Y. Harrington, was legally the assignee of the lessor, so that she, or any other person in her right, could maintain this action. The objection to this is, that the decree of the probate court was inoperative and gave her no interest in the premises. It is not pretended, but what here was such an interest in land, as would make it the subject of such a decree, if this interest was legally in the estate of the said George Y. Harrington. This was a durable lease, and William L. Harrington had an

Shaw, Adm'r, v. Partridge.

assignable interest in the estate, and, by his deed in the usual form, assigned all his interest in the premises to Jabez Penniman, as administrator of the estate of George Y. Harrington, to hold in his capacity of administrator.

The inquiry may naturally arise here,—in what other way could this interest have been assigned, so as to have vested it in the estate of George Y. Harrington? If it had been assigned to the *estate*, in terms, it would have been void. There being no other depositary appointed by law, the administrator was the proper person for this purpose, to receive the title for the time being. He is, *pro hac vice*, the representative of the deceased, and, with reference to the property, stands in his place.

If, then, this interest was held by Penniman in his capacity of administrator, it was held by him in the same *manner* and for the same *purpose*, that the other property of the estate was held, and subject to the same orders of the probate court. When it was thus assigned to the administrator, it became, by operation of law, the property of the estate, or, more properly speaking, a part of the estate, of George Y. Harrington; and, by virtue of the decree of the probate court, it became the property of Adelia Harrington. This was a covenant that run with the land; and, as the interest in the land passed, it carried the covenant along with it; so that there was the same privity of contract and privity of estate between the parties, that there would have been, if the assignment had been made to George Y. Harrington in his lifetime, and had then passed to his widow by the decree of the probate court, as in the present instance.

This also disposes of the question of variance; for, with this view of the case, the plaintiff declared, at least, according to the legal effect of the assignment.

Judgment affirmed.