## Conway & Knickerbacker v. William H. Magill, Sheriff, et al.

### Filed January 3, 1898. No. 7705.

Sheriff's Liability for Failure to Make Levy: ACTION: EVIDENCE. In order for an execution or attachment creditor to recover his debt against a sheriff, because of the latter's failure to seize under the writ sufficient property of the debtor to satisfy the same, the burden is upon such creditor to plead and prove that, during the life of the writ, his debtor was possessed of property liable to be seized under the writ, and that the sheriff negligently failed to seize such property.

ERROR from the district court of Brown county. Tried below before BARTOW, J. *Affirmed.*

*Macfarland & Altschuler* and *J. C. McNerney,* for plaintiffs in error.

*P. D. McAndrew, contra.*

RAGAN, C.

G. A. Sargent & Co. was a copartnership engaged in mercantile business at Ainsworth, Nebraska, and indebted for goods purchased of Conway & Knickerbacker. On the 29th of November, 1892, before the county judge of Brown county sitting as a justice of the peace, Conway & Knickerbacker brought suit against Sargent & Co. and caused an attachment to be issued and delivered to the sheriff of said county commanding him to seize a sufficient amount of the goods and chattels of Sargent & Co. to satisfy the claim of Conway & Knickerbacker in the sum of $180 and the probable costs of the suit, not to exceed $50. Under this order of attachment the sheriff seized the property of the attachment defendants, which the appraisers appointed by the sheriff then and there appraised and valued at $240.79. On the 23d of December, 1892, the attached property was sold at public vendue by the sheriff to satisfy the attachment and brought

the sum of $143. Conway & Knickerbacker then instituted this suit in the district court of Brown county against William Magill, the sheriff thereof, and the sureties on his official bond to recover the balance due them from Sargent & Co., basing their action against the sheriff upon his alleged neglect to seize sufficient property of Sargent & Co. to satisfy their, Conway & Knickerbacker's, debt, Sargent & Co. being then and there possessed of sufficient property which could have been seized by the sheriff on the attachment writ. The trial in the district court resulted in a verdict and judgment for the sheriff and his sureties, and Conway & Knickerbacker bring the same here for review on error.

There is not in the record one syllable of evidence which shows or tends to show that Sargent & Co. were possessed of any property of any name or description which the sheriff could have seized on the attachment writ save and except the property he did seize. In order for an execution or attachment creditor to recover his debt against a sheriff because of the latter's failure to seize under the writ sufficient property of the debtor to satisfy the same, the burden is upon such creditor to plead and prove that during the life of the writ his debtor was possessed of property liable to be seized under the writ and that the sheriff negligently failed to seize such property. The judgment of the district court is

AFFIRMED.