ALBERT E. MAGOON *v.* AARON W. EASTMAN.

February Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 23, 1912.

*Landlord and Tenant—Covenants in Lease—Covenants Running with Land—Assignee of Reversion—Right to Sue for Breach of Covenant —"Rent" —Definition —Sales —Distinguished from Bailments—Evidence.*

At common law covenants ran with the land, but not with the reversion, so that an assignee of a lessee could maintain an action of covenant, but an assignee of a lessor could not, and St. 32 Hen. 8, c. 34, giving to the assignee of the reversion the same remedy against the lessee and his assignee that the original landlord would have had against the original tenant, although general in terms, has been construed to apply only to covenants running with the land.

A covenant either to pay rent, to repair, to return the property in as good condition as when taken, or to carry on the premises in a husbandlike manner runs with the land, and so for breach thereof the assignee of the reversion can maintain an action of covenant.

"Rent" is a profit issuing out of lands and tenements in return for their use, and cannot denote compensation for the use of chattels, which, though they be enumerated in the lease and pass with the demised premises, are a mere incident thereto.

Where the lease of a farm together with designated farming tools and live stock, contained a covenant that the lessee should pay rent, the fact that the personal property was also leased did not prevent the covenant to pay rent from running with the land, and so an action of covenant for the breach thereof could be maintained by the assignee of the mere reversion.

Where a lease of a farm also granted to the lessee the use of designated farming tools and live stock, with the privilege of making sales from the stock and returning the same value in other animals of the same kind, it was a bailment, and not a sale, of the tools and stock.

Where a sealed lease of a farm also granted to the lessee the use of designated personal property, the fact that the lessee's interest in the personal property was evidenced by a specialty did not prevent the passing of the lessor's title thereto by oral transfer.

Where a lease of a farm also granted to the lessee the use of designated personal property, and the lessee conveyed the reversion to a third person, in an action of covenant by the grantee of the reversion against the lessee for breach of covenants in the lease the lessor was properly allowed to testify that she had turned over to plaintiff all her rights under the lease.

A lessee's covenant in a lease of a farm that at the expiration of the term he should leave as much hay as there was on the farm when he took possession is a mere personal obligation, and not a covenant running with the land, and so an action of covenant for the breach thereof cannot be maintained by the assignee of the lessor.

COVENANT. Plea, the general issue. Trial by court at the June Term, 1911, Orange County, *Butler*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*David S. Conant* for the defendant.

The Statute 32 Hen. 8, c. 34 does not apply to covenants that do not run with the land. 1 Chitty Pl., (13th Am. Ed.) 18; 1 Saund. on Pl. (2nd Ed.) 392; *Kellogg* v. *Robinson*, 6 Vt. 274; *Norman* v. *Wells*, 17 Wend. 136; *Hagar* v. *Buck*, 44 Vt. 285; Smith's Leading Cases, 179.

*Stanley C. Wilson* for the plaintiff.

The assignor of the reversion has the right to collect the rent without an attornment of the tenant. · *Pelton* v. *Place*, 71 Vt. 430; 12 Am. & Eng. Enc. of Law, (1st Ed.) 732; *Bunton* v. *Richardson*, 10 Allen 260; *Tubb* v. *Fort*, 58 Ala. 277; *Wise* v. *Folkner*, 51 Ala. 359; *Mussey* v. *Holt*, 21 N. H. 253; *Pingree* v.· *Watkins*, 15 Vt. 479.

MUNSON, J.  The suit is for breach of covenant, and was tried by the court, the defendant appearing specially.

November 2, 1908, Lucinda Magoon leased her farm and the personal property thereon to the defendant for two years. The defendant took possession of the property leased and carried it on until the end of the term. February 9, 1909, Mrs. Magoon conveyed the farm to the plaintiff by a conditional deed in which the personal property was not mentioned. The defendant had paid the plaintiff some of the rent as Lucinda's agent before the deed was given, and he continued to pay rent to him after the transfer. Defendant received no specific notice of the transfer, but he knew that the plaintiff claimed title, and treated him as lessor until the end of the term.

The defendant claims that the plaintiff cannot recover in his own name for breaches of the covenants contained in a lease to which he was not a party. It is generally considered that at common law covenants ran with the land but not with the reversion, and that while the assignee of the lessee could bring covenant the assignee of the lessor could not. 1 Smith Lead. Cas. *27. But the statute 32 Hen. 8, ch. 34, gave the assignee of the reversion the same remedy against the lessee and his assignee that the original landlord would have had against the original tenant. Dicey on Parties, [122]; *Webb* v. *Russell*, 3 T. R. 393. This statute, however, although general in terms, is held to relate only to such covenants as run with the land. 1 Chit.

Plead. *18; 1 Wash. Real Prop. 328. The distinction between collateral covenants and those running with the land, as bearing upon the right of action in the lessor's grantee, is fully recognized in our decisions. *Hagar* v. *Buck,* 44 Vt. 285, 8 Am. Rep. 368.

The judgment for the plaintiff includes an item for rent; an item covering the damages caused by the failure to harvest the hay in a husbandlike manner and to leave the buildings in proper repair; an item allowed for the shrinkage in value of a quantity of hay which the lessee was required to leave on the premises; and an item of damage allowed by way of interest for delay.

A covenant to pay rent runs with the land, and the lessor's deed carries the rent with it as an incident of the reversion. *Shaw* v. *Partridge,* 17 Vt. 626; *Pelton* v. *Place,* 71 Vt. 430, 46 Atl. 63. A covenant to repair runs with the land, and the lessor's grantee can recover for any breach occurring after he took the title. *Foss* v. *Stanton,* 76 Vt. 369. A covenant to return the property in as good condition as it was in when taken is a covenant of the same character. A covenant to carry on the premises in a husbandlike manner runs with the land by necessary connection. See *Kellog* v. *Robinson,* 6 Vt. 276, 27 Am. Dec. 550.

But the defendant says that covenant cannot be maintained for the rent in this case because the farming tools and live stock are included in the lease. It is argued that the use of this property must have been a material part of the consideration for the rent agreed upon, and that a covenant to pay for the use of personal property cannot run with the land. But the sum to be paid was agreed upon as rent; and rent is a profit issuing out of lands and tenements in return for their use. Bouv. Dict. In *Allen* v. *Culver,* 3 Den. 284, the covenant covered certain tools and chalk-stones, and the court said that although the parties had agreed that these should be considered a part of the premises demised, and should pass therewith, they were nevertheless mere personal chattels, out of which the rent could not issue; that while the yearly value of the demised premises might have been increased by the letting of these articles, the rent issued out of the land alone; and that the covenant respecting the rent ran with the land. In *Sutliff* v. *Atwood,* 15 O. St. 186, there was a lease of a dairy farm with its stock of cows, and the court said

that the use of the cows was a mere incident to the farm let, and did not change the legal character of the obligations of the parties from what they would have been had the use of the cows not been included. These decisions are in accord with *Spencer's* case, 3 Coke, 16, and are cited with approval by modern text-writers of authority. 1 Tiffany, L. & T. 894, 1020. It is clear that the plaintiff, as grantee of the demised premises, can maintain covenant for the rent.

The lease grants the use of the farming tools and stock, with the privilege of making sales from the stock and returning the same value in other animals of the same kind. This was a bailment, and not a sale. *Smith* v. *Niles,* 20 Vt. 315, 49 Am. Dec. 782. The title to the property remained in the lessor, and could be transferred at any time, subject to the rights of the lessee. The fact that the lessee's interest in the personal property was evidenced by an instrument under seal did not prevent the passing of the lessor's title thereto by oral transfer. So it was not error to permit Mrs. Magoon to testify that she had turned over to the plaintiff all her rights under the lease. It appears from the exceptions that the farming tools and stock were appraised when the defendant took possession of the premises, and also at the end of the term, and that the difference in value was adjusted and settled before this suit was brought. It is ascertainable from the terms of the lease and the findings of fact that the defendant's payments of rent to the plaintiff had been the full monthly installments prior to the last six months of the term. The defendant does not claim in terms, nor by implication, that the rent should be reduced because the personal property was not included in the deed to the plaintiff.

The provision regarding the hay was, in substance, that the lessee should leave as much on the farm as was there when he took possession. The defendant left the required amount of hay, but some of it was not cut in proper season, and by reason of this was of less value than it otherwise would have been. It is claimed that the plaintiff, as successor in interest to the lessor, was entitled to the required amount of hay properly and seasonably harvested according to the rules of good husbandry. This may be so; but the question here is whether he can recover the damage in an action of covenant brought in his own name. The diminished value of the hay is the only matter now in ques-

tion; the injury to the soil is covered by another item. We think the defendant's obligation concerning the hay is not one that touches or concerns the land. It is true that the hay to be returned was potentially in the land, and that its quality and condition might depend somewhat on the character of the defendant's husbandry. But in its relation to the defendant's obligation, it was nothing more than a personal chattel. The return of the hay was not the payment of rent in kind. It was to be returned to replace like property which was delivered to the defendant to be consumed in its use. The agreement to return it was a mere personal obligation. See Tiffany L. & T. 894; *Smith* v. *Kellogg,* 46 Vt. 560; *Allen* v. *Culver,* 3 Den. 284; *Williams* v. *Earle,* L. R. 3, Q. B. 739.

It follows from what has been said that the declaration is not defective because of its failure to allege a promise to the plaintiff, and that the lease was admissible although not a contract between the parties, and not in terms assignable. It appears from the lease that the demise was in part a subletting, and counsel mention this as a reason why this plaintiff cannot maintain covenant. It is said further that it did not appear that the land leased to the defendant lying outside the home farm was ever conveyed to the plaintiff. There is nothing in the case to indicate that either claim was made below, and neither will be considered here. A few questions were asked under exception concerning the stock, but no fact is found regarding it. and no damage allowed on account of it.

The plaintiff is entitled to recover the items allowed for rent and for injury to the premises, but not the item for injury to the hay. The sum allowed by way of interest is based on all these items, and we have no means of apportioning it; so no part of it can be included in the judgment.

*Judgment reversed and judgment for plaintiff for $130.*