Sullivan, }
Dec. 2, 1919. }

LA SOCIÉTÉ ST. JEAN BAPTISTE, INC., v. LEE W. OWEN & a.

A lessee who has assigned his lease, though with the written consent of the lessor who thereafter accepts rent from the assignee, is not thereby discharged as matter of law without proof of a release or novation or substitution.

COVENANT, for rent upon a lease of real estate by the plaintiff's grantor to the defendant Owen who subsequently assigned the lease with the written consent of the lessor to the defendants Gallagher and Huntley. The lessor received rent from the assignees while they were in possession. If the defendants, or any of them, are liable for the unpaid rent, the order of the superior court is that there shall be judgment for $344.70.

Transferred by *Marble*, J., from the May term, 1919, of the superior court.

*Francis W. Johnston*, for the plaintiff.

*Frank H. Brown* and *Hurd & Kinney* for Owen.

*Hurd & Kinney*, for Gallagher and Huntley.

WALKER, J. The question is whether from the facts reported it follows as a matter of law that either Owen, or Gallagher and Huntley, is liable. No question is raised as to the sufficiency of the evidence to support a verdict against them, and the sole contention on the part of the plaintiff is that the assignment of the lease by the lessee with the written assent of the lessor and his subsequent receipt of the rent from the assignees who were in possession did not in law amount to a release of the lessee from his covenant to pay the stipulated rent. This claim is controverted by the lessee who contends that the legal effect of his assignment of the lease, in view of the facts reported, was to release him from liability for the rent. One difficulty with this defence is that the fact is not found, nor is it a neces-

sary inference from the facts reported, that the lessor intended to discharge or release the lessee from his obligation to pay the rent or to substitute the assignees for the lessee and look to them alone for the payment of the rent. There is no arbitrary rule of law applicable in such a case which disregards the intention of the parties or renders a finding of that fact unnecessary and immaterial. According to many authorities it is a fact of controlling importance. *Golding* v. *Brennan*, 183 Mass. 286, 289; *Grommes* v. *Company*, 147 Ill. 634, 648; *Shaw* v. *Partridge*, 17 Vt. 626, 632; 24 Cyc. 1177; 2 Tiff. L. & T., *p.* 1328, and cases there cited.

The principle of law applicable when there has been no actual release of the lessee by the lessor is thus stated in *Wall* v. *Hinds*, 4 Gray 256, 266: "It is the well settled rule of law that in such case the lessor cannot maintain an action of debt for rent against the lessee; but that an action will lie against him on the covenant for the payment of rent. The reason of the rule is, that, although by the assignment the privity of estate between lessor and lessee is terminated, there still remains the privity of contract between them, created by the lease, which is not affected by the assignment. The lessee still continues liable on his covenant, by virtue of the privity of contract." "Nothing is better settled than that a surrender of the lease, or a release of the lessee, is not to be implied from the mere facts that the lessor assented to the assignment of the lease, and accepted rent from the assignee in possession." *Rees* v. *Lowy*, 57 Minn. 381, 383. See also *Dartmouth College* v. *Clough*, 8 N. H. 22, 28; *Whitcomb* v. *Cummings*, 68 N. H. 67.

From the foregoing it follows that the absence of a finding that there was a novation, or a release or a substitution, by which the lessee was relieved of liability on his covenant to pay the rent, is a fatal defect in the lessee's defence. As the plaintiff is entitled to judgment against Owen, the question whether the assignees may also be liable in this or some other form of action is not decided in view of the terms of the transfer.

*Judgment against Owen for $344.70.*

All concurred.