No. 10,317.

CLAY, ROBINSON & CO. *v.* MARTINEZ.

No. 10,319.

CLAY, ROBINSON & CO. *v.* MOELLER.

No. 10,320.

CLAY, ROBINSON & CO. *v.* BARDSLEY.

Decided July 2, 1923.   Rehearing denied October 1, 1923.

Actions in replevin.   Judgments for plaintiffs.

Cases numbered 10,317 and 10,320.

*Affirmed.*

Case numbered 10,319,

*Reversed.*

1.   WORDS AND PHRASES—*Partido Contract*, defined.

2.   BAILMENT—*Partido Contract.*   Delivery under a partido contract constitutes a bailment, and an option to purchase, in the holder, will not destroy his character as bailee.

3.   *Unauthorized Use by Bailee.*   A use of the chattel by the bailee in a manner unauthorized by the contract of bailment, gives the bailor the right of immediate possession, and he may maintain trover or replevin.

4.   *Mortgage by Bailee.*   Where a partido contract provides that the bailee will not sell or dispose of the property, if he mortgages it, the bailor is entitled to possession, although his right to possession had not matured under the contract.

5.   ACTIONS—*Replevin and Trover.*   In a suit for the possession of personal property or its value, it is not important whether the action be in replevin or trover.   Where the plaintiff states the ultimate facts, he is entitled to such judgment as they justify.

6.   BAILMENT—*Ownership.*   Control, apparently as owner, by reason of possession, is an incident to every bailment, yet every one deals with a bailee at his peril.

7.      *Estoppel.*  The owner of bailed property is not estopped to deny the ownership of the bailee because he permits him to enter into contracts with third parties concerning the property.

8.      CONTRACTS—*Chattel Mortgage.*  A contract, which is in effect a chattel mortgage, being unrecorded, is of no force as against a subsequent mortgage on the same property to an innocent third party.

9.      CHATTEL MORTGAGE—*Possession.*  A chattel mortgage on property not in possession of the mortgagor, who is not shown to have authority to mortgage it, passes no right, title or interest to the mortgagee.

*On Rehearing.*

10.    JUDGMENTS—*General Findings—Presumption.*  On review, where the findings of the trial court are general, it will be assumed that the court found the facts which would sustain its judgment.

11.    EVIDENCE—*Replevin.*  Evidence in a replevin action considered and held not at variance with complaint.

12.    VARIANCE—*Pleading and Proof.*  The contention that there was a variance between pleading and proof in a replevin action, considered and overruled.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. P. A. WELLS, Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. JAMES P. VEERKAMP, Mr. CULVER A. GREEN, for defendants in error.

Mr. RALPH CARR, *Amicus curiae.*

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THESE cases together with Nos. 10,316, and 10,318, *Clay, Robinson and Company v. Atencio,* and *Clay, Robinson & Company v. Casias,* (74 Colo. 17) were in replevin for sheep.  The plaintiffs had judgment for possession or their value and the defendants, Clay, Robinson & Co., bring error.  In the cases of Martinez, Moeller and Bards-

ley the court is unanimous in the conclusions reached in this opinion; in the cases of Atencio and Casias it is divided, and a separate opinion is filed concerning them. All five cases were tried together; one abstract and one set of briefs are filed in this court. The essential facts are as follows:

In January, 1921, one Jordan mortgaged 50,000 ewes to Clay, Robinson & Co. to secure $150,000 of which $60,000 was a previous debt and $90,000 was cash. In May Jordan wanted more money; Clay, Robinson & Co. lent him more, but required him to turn over the sheep to them. The sheep were turned over to one McClure for Clay, Robinson & Co.; they were all held by various men to whom they had been delivered by Jordan under *partido* contracts.* Each plaintiff claims that he let certain sheep to Jordan by *partido* contract, and that his sheep were among the 50,000 mortgaged and each plaintiff claims that his sheep were in the hands of a separate bailee of Jordan's. Neither Martinez nor Moeller claims the same ewes let to Jordan but an equal number with twenty lambs per annum for each hundred ewes, in accordance with the terms of his contract. Martinez' contract provided that Jordan might return an equal number or $3.00 per head.

1. It is claimed that these contracts are of no avail to plaintiffs, because not recorded under the act of 1887. C. L. § 6429. A majority of the court are of the opinion that such record is not necessary to preserve the rights of an owner under a partido contract, from which opinion the Chief Justice and the writer of this opinion dissent, but a decision upon that point is not necessary to the conclusions here reached. The point is discussed in the opinion in the Atencio and Casias cases, mentioned above. It may be said, also, that a majority of the court think the partido transaction not properly a bailment; yet a majority think we are bound by the weight of authority in other

---

* By a *partido* (share) contract, sheep or cattle are delivered to be kept on shares, say of wool and lambs annually, for a time, at the end of which, they or an equal number are to be returned.

jurisdictions which is that it is a bailment. The Chief Justice and the writer do not agree that we are so bound but this opinion proceeds upon the holding of the majority upon that point.

2. By the terms of the contracts, except Bardsley's, the sheep were not yet returnable when demanded, nor when a suit was begun. Plaintiff in error claims, therefore, that there is no right of possession in plaintiffs, and no right in Martinez for the additional reason that Jordan might pay money instead of returning the sheep. This claim is sound, unless Jordan has done something to forfeit the right of possession. Delivery under a partido contract, however, constitutes a bailment. *Page v. Jones,* 26 N. M. 195, 190 Pac. 541, 10 A. L. R. 761; *Encino Bank v. Tenorio, et al.,* (N. M.) 206 Pac. 698; *Magoon v. Eastman,* 86 Vt. 261, 84 Atl. 869; *Williams v. McGrade,* 13 Minn. 174; *Bellows v. Denison,* 9 N. H. 293; *Wetzel v. Bank,* 30 Utah, 62, 83 Pac. 570; *Turnbow v. Beckstead,* 25 Utah, 468, 71 Pac. 1062; *Woodward v. Edmunds,* 20 Utah, 118, 57 Pac. 848; *Robinson v. Haas,* 40 Cal. 474; *Simmons v. Shaft,* 91 Kas. 553, 138 Pac. 614; 6 C. J. 1086. See also *Ludvigh v. Am. Woolen Co.,* 231 U. S. 522, 34 Sup. Ct. 161, 58 L. Ed. 345. These transactions are therefore bailments.

Even an option to purchase in the holder of a chattel will not destroy his character as bailee. *Sargent v. Gile,* 8 N. H. 325; *Ludvigh v. Am. Woolen Co., supra.* So the Martinez transaction is a bailment notwithstanding Jordan might pay $3.00 per head and take the sheep.

A use of the chattel by the bailee in a manner unauthorized by the contract of bailment gives the bailor the right of immediate possession, and he may maintain trover or replevin. *Lippincott v. Scott,* 198 Pa. St. 283, 47 Atl. 1115, 82 Am. St. Rep. 801; *Brown Bros. & Co. v. Billington,* 163 Pa. St. 76, 29 Atl. 904, 43 Am. St. Rep. 780; *Bretz v. Diehl,* 117 Pa. St. 589, 11 Atl. 893, 2 Am. St. Rep. 706; *Sanborn v. Colman,* 6 N. H. 14, 23 Am. Dec. 703; *Sargent v. Gile, supra.*

There is a clause in each of the contracts except Bards-

ley's, that Jordan shall not sell or dispose of the sheep. By his mortgage and delivery to Clay, Robinson & Co., Jordan violated this clause, and so gave the bailors the right of possession, although the right of possession had not matured under the contract, and by such violation of the Martinez contract the right to pay the $3.00 per head was forfeited. *Partridge v. Philbrick,* 60 N. H. 556. The claim, therefore, that the plaintiffs cannot maintain their suit, because they have no right of possession until after the maturity of their contracts is not sound.

3. It is suggested that replevin will not lie for these sheep, because they cannot be identified. That is unimportant under the Code. If replevin will not lie, trover will, and our Code action for possession, with the alternative recovery of the property or the value thereof in such a case as this, is equivalent practically to the two together. The plaintiff states the ultimate facts and has such judgment as they justify. If the chattels cannot be delivered, their value must be paid, and the judgments in that respect are right. To hold otherwise would be to revert to the common law forms of action, happily abolished by the Code.

4. It is argued by plaintiff in error that since the plaintiffs put Jordan in the ostensible position of owner, they are estopped to deny his ownership. The answer is that they put him in the position of bailee, not owner. Control, apparently as owner by reason of possession, is an incident of every bailment, yet every one deals with a bailee at his peril. 3 R. C. L., 142 to 145, §§ 66 and 67. See *Schraeder v. Mitchell,* 73 Colo. 320, 215 Pac. 147, decided at the present term. No indicium of ownership was conferred in the present case except possession.

5. It is claimed that they permitted Jordan to put out these sheep on partido contracts with other persons, and are therefore estopped to deny his ownership. We do not agree with this conclusion; they had a right to vary their contract with Jordan as they chose. If Jones lends his horse to Smith, and afterwards permits Smith to lend him to Johnson, a purchaser from Johnson cannot claim that

Jones is estopped to claim title to the horse; neither does such permission justify a claim by Robinson that a mortgage of the horse by Smith to him is valid against Jones.

6.  The Moeller contract was not upon shares, but called for a cash rent, and contained a provision that in the event of failure to pay rent, or default or failure in any covenant or agreement "the said party of the first part is to have the right to take possession of all the said sheep and the increase thereof and pay himself from the proceeds thereof in full and pay the balance, if any there be, to the said parties of the second part. And, in the event the said party of the first part does so take said sheep and the increase thereof  *  *  *  and such sheep and the increase thereof is not sufficient to fully pay the party of the first part, said parties of the second part hereby acknowledge themselves jointly and severally indebted to party of the first part for any such deficiency."

This clause, which appears in this contract alone, makes it a security for indebtedness, that is, a chattel mortgage, (*Andrews & Co. v. Colo. Sav. Bank,* 20 Colo. 313, 36 Pac. 902, 46 Am. St. Rep. 291) and, since it is unrecorded, it is of no force against the mortgage of Clay, Robinson & Co. The Moeller case will therefore be reversed with directions to enter judgment for the defendant.

7.  It appears that Bardsley's sheep were let out, not, as in the other cases, in Jordan's name, but in Bardsley's, to Mexican herders on shares or in some other way, it is immaterial how; that Jordan did this for him, and collected the rents and attended to the business for him. This made Jordan, Bardsley's agent. The sheep were in possession of the herders—lessees, if we call them such. The sheep, then, not being in Jordan's possession, and no authority in him to mortgage them being shown, no right, title or interest in them passed to Clay, Robinson & Co. by virtue of Jordan's mortgage, and the judgment in the Bardsley case should be affirmed.

In the cases against Martinez and Bardsley judgment affirmed. In the case against Moeller judgment reversed

and judgment for defendants directed.

MR. JUSTICE ALLEN not participating.

*On Rehearing.*

PER CURIAM.

Upon motion for rehearing the plaintiffs and an amicus curiae ask us to modify our opinions in two respects: First. They say that plaintiffs do not claim that their sheep were among those mortgaged; Second. They say that the sheep in question were not turned over to defendants, but were taken by them.

Our interpretation of the finding of the court was and is that the sheep were mortgaged, and were delivered to Clay, Robinson & Co. If they were either mortgaged or delivered, the judgments heretofore ordered by us to be entered were correct. If they were neither mortgaged nor delivered, the partido contracts between Jordan and plaintiffs were not violated by him or his administratrix, and the right of possession in those cases in which the contract had not matured when suit was begun remained in him or her, was not in plaintiffs and their actions would not lie. The finding of the court was general, and we must assume that it found the facts which would sustain the judgment. If the evidential details in the pleadings of the parties on these two points are to be regarded at all, each party has pleaded against himself, and we take the findings of the court.

By reason of the affirmance of the judgments in these cases and the denial of the writ of prohibition in case No. 10,661 (74 Colo. 40), the trial court will not require the sums here involved to be paid twice by plaintiffs in error.

In the case against Bardsley the defendants urge two points: First. That the complaint does not state facts sufficient to constitute a cause of action; and second. That there was a variance between the complaint and the proof as the proof has been interpreted in the opinion.

Upon the first point: We think the complaint states a cause of action. It alleges the plaintiff's ownership, and

taking and unlawful detention by the defendant.   This is all that is necessary in replevin (*Baker v. Cordwell,* 6 Colo. 199), except the allegations of time, place and value, the omission of which, if they are omitted, does not subject the complaint to a general demurrer.   All the remainder of the complaint should have been omitted.

On the second point:   The claim is made that since the allegation was that the plaintiff put his sheep into Jordan's hands to be held by him, Jordan, on shares, and to be returned on demand, and since the proof as interpreted by this court was that Jordan actually did, acting as an agent, in Bardsley's name, deliver the sheep to certain third parties upon partido contracts, there was a fatal variance. If this would be fatal at common law, it is not in this state under the Code.   See *Walsh v. Hastings,* 20 Colo. 243, 38 Pac. 324; *Oligarchy Ditch Co. v. Farm Inv. Co.,* 40 Colo. 291, 88 Pac. 443.   The substance of the complaint was proved; that is, that the plaintiff Bardsley owned and was entitled to the possession of the sheep, that the defendants took possession of them and withheld them from the plaintiff.

The motions for rehearing are denied.