No. 10,316.

CLAY, ROBINSON & CO. *v.* ATENCIO.

No. 10,318.

CLAY, ROBINSON & CO. *v.* CASIAS.

Decided July 2, 1923.   Rehearing denied October 1, 1923.

Actions in replevin.   Judgments for plaintiffs.

*Affirmed.*

1.  BAILMENT—*Dealings with Bailee*.  In the absence of special legis-
    lation, one who deals with a bailee concerning the bailed prop-
    erty, does so at his peril.  He is charged with notice of owner-
    ship.

2.  STATUTES—*Construction*.  Statutes in derogation of the common
    law, particularly those abrogating prior existing property rights,
    are to be strictly construed.

3.  CONTRACTS—*Livestock—Record—Notice*.  Upon consideration of
    section 6429, C. L. '21, concerning contracts for herding or caring
    for animals, it is held that the recording of such a contract is
    not necessary to preserve the rights of the owner, and that one
    who takes a mortgage from the bailee of property held under
    such a contract, takes nothing thereby.

*Error to the District Court of Conejos County, Hon. Jesse
C. Wiley, Judge.*

Mr. P. A. WELLS, Mr. ALBERT L. MOSES, for plaintiff in
error.

Mr. JAMES P. VEERKAMP, Mr. CULVER A. GREEN, for de-
fendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE are companion cases to numbers 10,317, 10,319
and 10,320, *Clay, Robinson & Company v. Martinez, Moeller
and Bardsley,* (74 Colo. 10) this day decided and the
opinion of Mr. Justice Denison therein should be read in
this connection.

In October, 1920, Jordan received, under partido con-
tract, from Atencio 667 head of sheep, to be run at Jordan's
expense until October 1921, rental payable in lambs and
wool.  By this contract Jordan stipulated for a lien on his
share in favor of Atencio for any expense advanced by the
latter, and "I further promise and agree not to sell or dis-
pose of, in any manner, any of my own or the above de-
scribed sheep or the increase thereof until said Tomas

Atencio has received his sheep, as also the rental of same as stipulated above."

In October, 1915, Jordan entered into a similar contract with Casias for 413 sheep. This by its terms extended to ·October, 1916, or until the sheep were returned "or this contract is replaced by a new one in writing."

As held in the opinion of Mr. Justice Denison, *supra*, these transactions were bailments and when Jordan, in violation thereof, mortgaged the animals the owners became entitled to immediate possession.

The only question remaining for consideration here is the interpretation of the following statute: "All contracts, or copies thereof, hereafter to be made by the owner of any animals, such as sheep, bovine cattle, horses, and of any other kind with any other person for the herding or caring for the same for pay, or on shares, or in any other manner, may be filed with the county clerk of the county where the owners or either of them reside, if he resides in the state; and if the owners, or either of them, do not reside in the state, then the said copies may be filed with the county clerk of the county in which the contract may have been made; that when such copies are so filed they shall be notice to every one of the contents of such contracts, and of the legal effect thereof." Sec. 6429 C. L. 1921. (L. 87 p. 417 sec. 1; R. S. 1908 sec. 6381.)

Neither of the contracts here in question was so filed. It is elementary that, in the absence of special legislation, one who deals with a bailee concerning the bailed property does so at his peril. He is charged with notice of ownership. Plaintiff in error contends that the act above quoted abrogates that rule, and that the language therein, "may be filed," is to be read "shall be filed," and, so modified it is to be interpreted as a recording statute, noncompliance with which authorizes bona fide purchasers and encumbrancers to deal with the person in possession as owner. Otherwise, it is suggested, the act would merely make the filing notice of that with which all persons were already charged; i. e., title. The contrary has been held, and we

think with good reason, under an act almost identical. *Page v. Jones,* 26 N. M. 195, 190 Pac. 541, 10 A. L. R. 761; *Encino State Bank v. Tenorio, et al.,* (N. M.) 206 Pac. 698.

Much might be added to what is said in the cases above cited in support of the interpretation there announced. Statutes in derogation of the common law, particularly those abrogating prior existing property rights, are to be strictly construed. If a rule of law so old, so fundamental, so well known in the commercial world, were, in a live stock country, to be wiped out as to live stock, certainly no such equivocal language would be used, when unambiguous words are so plentiful. If we follow the construction of defendants, and make "may be filed" read "shall be filed," still the law, so far as it relates to notice of ownership, is unchanged by the act. It then only makes the filing notice of what all the world was bound to notice without it. It is impossible to construe this statute as a "recording act" until we have added to it the words, "until said contract be so filed the person in possession of said animals thereunder shall be held to be the owner thereof," or language of like import. Perhaps even this judicial legislation would be permissible, possibly imperative, if otherwise life must be denied this legislative urchin. But the situation is not so desperate. Such contracts may, and in fact do, contain many things vital to strangers dealing with the parties thereto, with notice of which strangers were not charged at common law, but which notice the statute imports. Of such the contracts before us contain two excellent examples: First, they create a lien on Jordan's share of the leased animals for necessary expenses advanced by plaintiffs; second, they prohibit Jordan from selling his own sheep until plaintiff's sheep have been returned and the rental discharged. With notice of these provisions third persons were not charged at common law. Under the statute they were so charged, if the contracts were filed, and their rights thereunder were lost to plaintiffs as against third persons by failure to file.

Our recording act relating to real estate is a good illustration of the definiteness required and followed, where

fundamental changes in existing law are intended. It does not provide that the recording of a conveyance shall be notice. It first requires such conveyance to be executed in a formal and solemn manner, particularly designated, and then provides that it "may be recorded," and "from and after the filing thereof for record * * * *and not before* * * * shall take effect as to subsequent bona fide purchasers." The statute now before us contains no such provisions. It deals with simple contracts, unacknowledged, unwitnessed, unproven, and the filing is made "notice to everyone" of their contents.

On the strength of the authorities hereinbefore cited, and for the reasons above given, we hold that when plaintiff in error took a mortgage from Jordan on these Atencio and Casias sheep it obtained nothing thereby.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON dissent.

MR. JUSTICE ALLEN not participating.

### On Rehearing.

Rehearing denied. See memorandum in Clay, Robinson & Company v. Martinez, Moeller and Bardsley, No's. 10317, 10319 and 10320. 74 Colo. 10, 218 Pac. 903.