**HAWS et al. v. FRACAROL.***

Circuit Court of Appeals, Ninth Circuit.
June 11, 1928.

No. 5383.

.. Execution ⚷⟶51—Sales ⚷⟶4(1)—Agreement of judgment debtor to care for sheep for percentage of increase held "bailment," under which judgment debtor had, before division, no interest subject to execution.

Contract, by terms of which judgment debtor agreed to safely keep, provide, and care for a band of sheep for a period of one year, returning original number of sheep of like age, with a certain percentage of the increase, and receiving title to the remainder, *held* a "bailment," and not a sale of the sheep, under which judgment debtor had no interest subject to execution prior to division at expiration of the year.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bailment.]

2. Sheriffs and constables ⚷⟶138(1)—One, suing sheriff for failure to seize property under execution, must prove judgment debtor had nonexempt property.

In action against sheriff or other officer to recover damages for failure to seize sufficient property to satisfy an execution, plaintiff must allege and prove that judgment debtor was possessed of property liable to seizure during life of writ.

3. Sheriffs and constables ⚷⟶137(1)—Judgment creditor, who failed to allege debtor's possession of real property, could not recover for sheriff's failure to levy upon real estate.

Judgment creditor, suing sheriff for damages for failure to seize sufficient property under execution, *held* not entitled to recover for sheriff's failure to levy on real estate, where there was no allegation that judgment debtor owned or possessed any real property, or that sheriff breached duty in failing to levy on it, especially where complaint alleged that judgment debtor was possessed of personal property more than ample to satisfy execution.

4. Execution ⚷⟶133—Judgment debtor's possession of sufficient personalty to satisfy execution precludes levy on real property.

Sheriff has no right to levy on or sell real property, if judgment debtor is possessed of personal property more than ample to satisfy the execution.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by Helen Fracarol against Marion O. Haws and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

Stockton & Perry and Earl F. Drake, all of Phœnix, Ariz., and Ray B. Westervelt, of Prescott, Ariz., for plaintiffs in error.

Isaac Barth, of Phœnix, Ariz., and T. G. Norris and F. E. Flynn, both of Prescott, Ariz., for defendant in error.

Before GILBERT, RUDKIN and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was an action on the official bond of a sheriff to recover damages for failure on the part of the officer to levy upon and sell certain personal property under an execution issued on a judgment in favor of the plaintiff below and against one Padilla, as judgment debtor. From a judgment in favor of the plaintiff, the defendant has sued out the present writ of error. In the view we take of the case, it is necessary to consider but two questions: First, did Padilla, the judgment debtor, have any interest subject to execution in a certain band of sheep and lambs? And, second, did the court below err in charging the jury as to the measure of damages for failure to levy upon and sell the real property belonging to the judgment debtor?

The facts concerning the sheep and lambs are as follows: On November 1, 1923, the A.

*Rehearing denied August 6, 1928.

& B. Schuster Company, a corporation, of Holbrook, Ariz., owner of 5,885 head of ewes, of the age of from two to six years, and 935 head of ewe lambs, entered into a contract with Padilla, the judgment debtor above named, by the terms of which Padilla agreed to safely keep, protect, provide, and care for the band for a period of one year, at the expiration of which time, but not before, Padilla was to receive title to whatever remained of the band after returning to the Schuster Company the original number of sheep of the like age and a certain percentage of the increase, as set forth in the contract. It was further provided that Padilla would not permit the band, or any part thereof, to be driven or herded without the limits of Apache county, Arizona, without the written consent of the Schuster Company, or trespass upon the National Forest or Indian reservation of that county; that he would at all times give his personal attention to the management and care of the sheep; that he would not allow them to become incumbered in any way, by hypothecation or lien; that he would pay the entire cost and expense of herding and caring for the sheep and the increase thereof during the term of the contract, excepting taxes, which should be paid by the Schuster Company; that on or about the 1st day of May, 1924, he would cause the wool to be shorn from the sheep and the increase thereof, and deliver the same to the Schuster Company in sacks, all wool over a certain quantity to be redelivered to him as his own; that in case, at the termination of the contract, there should be any outstanding debts due from him to any person whomsoever for merchandise, wages, or other expenses incurred in herding and caring for the sheep, he would turn over to the Schuster Company a sufficient number from his share of the increase of the sheep, at the prevailing market price, to offset such indebtedness; that, in case he should be indebted to the Schuster Company at the termination of the contract, a proportionate amount of his share of the wool would be turned over to the company to offset the indebtedness, and the company was authorized and empowered to take immediate possession of the band at any time for failure to fulfill any of the conditions of the contract.

[1] The default charged against the officer was his failure to levy upon and sell a portion of the band of sheep and their increase in the possession of Padilla, under the above contract. The execution was placed in the hands of the sheriff on June 27, 1924, and the question presents itself: Did Padilla,

the judgment debtor, have any interest in the sheep, or in their increase, which was subject to execution on that date, or at any time before a division was made, as contemplated by the contract? It will be observed that the contract contains no words of grant or sale, and no language indicating a transfer of title, of either the sheep or their increase. Nor does the language of the contract indicate that the parties intended that the contract should constitute a present sale of the property or of any interest therein. Contracts such as this are not uncommon in the live stock sections of the country, and they have been uniformly construed as bailments, and not as sales. Woodward v. Edmunds, 20 Utah, 118, 57 P. 848; Turnbow v. Beckstead, 25 Utah, 468, 71 P. 1062; Wetzel v. Deseret Nat. Bank, 30 Utah, 62, 83 P. 570; Clay, Robinson & Co. v. Atencio, 74 Colo. 17, 218 P. 906; Robinson v. Haas, 40 Cal. 474; Freeman on Executions (3d Ed.) § 123. The court below erred, therefore, in refusing to instruct the jury that Padilla had no interest in the sheep or their increase that was subject to execution, as requested by the plaintiff in error. For this error the judgment must be reversed.

[2-4] Error is assigned as to certain rulings of the court below concerning real property, but the complaint in the case affords no possible basis for a recovery of damages for failure to levy upon or sell real estate. In an action against a sheriff, or other officer, to recover damages for failure to seize sufficient property to satisfy an execution in his hands, the plaintiff must allege and prove that during the life of the writ the judgment debtor was possessed of property liable to seizure under it. Conway v. Magill, 53 Neb. 370, 73 N. W. 702. Here there was an entire absence of any allegation that the judgment debtor owned or possessed any real property, or that there was any breach of duty on the part of the sheriff in failing to levy upon or sell such property. Indeed, such a claim would be in a measure inconsistent with other allegations of the complaint, because the complaint alleged that the judgment debtor was possessed of personal property more than ample to satisfy the execution, and, if so, it was neither the right nor duty of the sheriff to levy upon or sell real property. Therefore any inquiry concerning real property was without the issues made by the pleadings. In view of our conclusion on these two questions, any consideration of the other errors assigned becomes immaterial.

The judgment is reversed, and the cause remanded for a new trial.