Strafford, }
June 2, 1936. }

MAYBURY SHOE CO. *v.* ROCHESTER FACTORY HOLDING CO.

*Herbert W. Rainie* and *David N. Borkum* (of Massachusetts)   (*Mr. Rainie* orally), for the plaintiff.

*Conrad E. Snow* (by brief and orally), for the defendant.

*Per Curiam.* If it were assumed that the assignee became the lessor's tenant by the latter's acceptance of rent from it, yet the lessees remained liable for the rent accruing after the assignment, by reason of their personal covenant in the lease to pay the rent for the full term. *La Société &c* v. *Owen,* 79 N. H. 318, and cases cited; *Novak* v. *Company,* 84 N. H. 93, 96. The option in the lease for a longer term was for its extension, and not for a renewal. Its language is definite in this respect. Any claim that the option was for a renewal may not be sustained without disregard of the plain wording of the lease. See Underhill, Landlord & Tenant, *s.* 803.

The lessees' personal covenant to pay the rent applied to the extended term. The option provided that if it were exercised they would pay the rent, and their covenant to pay rent "during the term" applied to the full term under the extension. All the provisions of the lease were to be continued in any extension as though there were but a single term of years covering the entire period from the time the lease commenced.

When one of the lessees refused to be liable for the rent if the option were exercised, it could not be exercised according to its conditions. The lessor was under no obligation to accept an exercise of the option varying or excepting its conditions. The lessee's refusal was an act at odds with the conditions of the option, and effectually prevented its valid exercise. The attempt to exercise it without adherence to its requirements created no rights against the defendant. It does not appear that the defendant has waived any of the requirements.

*Case discharged.*