[No. 6214.]

## FIST v. CURRIE.

1. **Real Estate Broker — Employment—Effect —** Where the employment of a broker to sell real estate does not assume to confer an exclusive authority nor prescribe a time within which the sale shall be effected, the landowner may himself dispose of the property at any time, upon such terms as may be satisfactory to him.—(286)

But if, before any such sale, the broker produces a purchaser ready, willing and able to purchase at the price and upon the terms fixed in the broker's employment, the owner is not at liberty to complete the sale himself, or sell to another customer, denying the broker's commission.—(286)

A sham sale to another person who completes the transaction with the broker's customer, will be disregarded.—(288)

2. Pleadings—What Must Be Specially Pleaded—A broker suing for his commission, is met by evidence of a sale made by the landowner to another party, who afterwards conveyed to the broker's customer. The answer made no allusion to this sale. It was held that the broker was entitled to assail the good faith of it, though he had not pleaded such lack of good faith.—(287, 288)

3. Pleadings—Construction—A real estate broker suing for commissions, alleges the production by him to his principal of a customer ready and willing to buy, "and who did buy," the premises, at the price and upon the terms prescribed in the broker's employment. Held, equivalent to an averment that the customer was ready, willing and able to purchase.—(288)

*Appeal from Pueblo District Court* — Hon. CHARLES S. ESSEX, Judge.

Mr. A. W. ARRINGTON for appellant.

Mr. JAMES H. TELLER and Mr. JAMES H. McCORKLE for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by plaintiff Currie, a real estate broker, to recover of defendant, Emanuel Fist, his commission earned in the sale of defendant's real estate. The complaint alleges an employment at a reasonable commission, to sell at a designated price, and, acting under the employment, the production by plaintiff to defendant of Doctor Moore, who was ready and willing to buy, and that Moore did buy of defendant at that price, and the premises sold were duly conveyed to the purchaser. The answer denies the employment and sale, and as a special defense alleges that, if there was any contract, the price fixed was to be net to the defendant, exclusive of commission. The new matter of the answer was denied, and on trial before a jury,

verdict was for plaintiff, upon which judgment was entered. The defendant assigns errors in the ruling of the court denying his motion for a nonsuit at the close of plaintiff's case, and in certain rulings on the evidence and in refusing and giving instructions, and to the insufficiency of the complaint.

The evidence is in conflict, but it is legally sufficient to sustain the verdict, and if, in the other rulings criticised, no prejudicial error was committed, the judgment should stand. There was evidence by plaintiff tending to establish the allegations of his complaint: that he was employed by defendant as broker to sell defendant's property at a fixed price; that, acting under the employment, he produced to defendant Doctor Moore, who was ready, willing and able to buy, and did buy, at the price and upon terms satisfactory to defendant, and that a deed to the property was executed and delivered to him. The deed was executed, however, not by Emanuel Fist, the defendant, but by Julius Fist, his brother. The contract of employment did not give to plaintiff the exclusive right to sell, or prescribe a period of time within which such sale was to be made. The defendant, therefore, reserved to himself the right, as he might do, to sell the property for a consideration, and upon terms satisfactory to himself. But if, before he made such sale, the plaintiff, assuming the existence of the contract as alleged, produced to defendant a customer, ready, willing and able to buy at the price and on the terms fixed, defendant could not himself complete the sale to such customer, or sell to some other person, without paying to the broker his commission. The evidence is that part of the negotiations with Emanuel Fist for the sale to Doctor Moore were conducted by plaintiff and some by Moore himself. None were

had either by plaintiff, or Moore, with Julius, to whom Emanuel conveyed the property after the employment of plaintiff. Defendant testifies that he conveyed to his brother Julius before Moore made his offer of purchase, but there is other testimony that it was after Emanuel and Doctor Moore completed the agreement of sale that the conveyance to Julius was made. From the evidence the jury were justified in finding, as a legitimate inference, that the conveyance from Emanuel to Julius was sham and fictitious, not made in good faith, but for the purpose of escaping payment of the commission on a sale which had been brought about through the instrumentality of the broker.

We have examined with care the rulings of the court on the evidence and find no error therein.

Complaint is made that the court was wrong in denying certain instructions tendered by defendant; but, in so far as these requested instructions stated the law applicable to the facts, they were covered by instructions given by the court of its own motion. The particular objection which ingenious counsel for defendant presents to the instructions is that in one of them the court told the jury that if they believed from the evidence that before plaintiff found a purchaser, ready, willing, and able to buy on the terms agreed, the defendant, in good faith, consummated a sale thereof to another party, the plaintiff was not entitled to recover any commission. The only fault found with this is the use of the expression "good faith." It is said to be misleading and inapplicable, in that the question of fraud or good faith was not raised by the pleadings. We think that, taken in connection with the rest of the instruction and with all the other instructions in the case, the jury might well have found from the evidence that the sale to

Julius was sham and fictitious. There was no special defense in the answer that defendant in employing the broker reserved and exercised his legal right to sell. But defendant himself produced evidence of the sale to his brother Julius, which he claims was in good faith, and made before Moore agreed to buy. He certainly may not now complain that the court treated the good faith of the sale as an issue in the case. He, himself, so treated it, and his evidence responsive to the issue came in under the general denial, without objection by plaintiff.

Defendant contends that the complaint is insufficient in that the allegation is not that plaintiff produced a purchaser ready, willing and able to buy at the price agreed upon, and that conveyance was made to him, but that he merely produced a customer ready and willing, but not *able* to buy. True, the pleading does not contain the specific averment that the customer was able to buy; but it does say that the purchaser bought at a price, and on terms, satisfactory to defendant. Thus, an averment, equivalent to one stating the customer's ability to buy, is present, and that is all that is necessary.

Though the conveyance was made by Julius, the contract of employment with plaintiff undoubtedly was made, as alleged, and if the jury believed that the alleged sale by Emanuel to Julius was after a satisfactory purchaser was produced by plaintiff, or that it was merely fictitious and sham and in bad faith, or made merely to defeat the claim for commission, upon which issues there was evidence, the plaintiff's case was established and he was entitled to a judgment. We find no prejudicial error in the record. The judgment is therefore affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.