W. H. NOONING, Respondent, v. R. M. MILLER,
Appellant.

Kansas City Court of Appeals, April 6, 1914.

1. **REAL ESTATE BROKERS:** Commission.   The plaintiff, a
real estate agent, sued to recover for a commission from the
defendant, for effecting the exchange of a farm for a drug
store and city residence.   The plaintiff had a conference with
a real estate firm in Trenton, which firm afterwards consum-
mated the trade, the plaintiff being absent from his home town.
After the trade was effected and brought to the knowledge
of the plaintiff he demanded his commission, which was re-
fused.   *Held,* that the question as to whether or not the plain-
tiff was the procuring cause was properly left for the jury to
solve.

2. **DEFINITIONS:** Procuring and Inducing Cause.   The term,
"procuring and inducing cause" refers to the cause originating
a series of events which without break in continuity results in
the accomplishment of the object of the employment of the
agent.

Appeal from Adair Circuit Court.—*Hon. Nat. M.
Shelton,* Judge.

AFFIRMED.

*J. A. Colley* for appellant.

*Weatherby & Frank* for respondent.

JOHNSON, J.—Plaintiff, a real estate agent in
Knox county, sued to recover a commission he alleges

defendant owes him for procuring the exchange of a farm of 320 acres near Cherryvale, Kansas, for a residence and stock of drugs in Trenton, Missouri. In December, 1909, defendant who had just become the owner of a half interest in the farm, the other half being owned by John Landis, entered into a contract in writing with plaintiff, which provided, "in case Mr. Nooning (plaintiff) finds deal which is accepted by me on my farm of 320 acres at Cherryvale, Kansas, I will pay him $320 when deal is closed."

On the following day plaintiff went to Trenton and had an interveiew with the members of a real estate firm of that place, viz., Vawter and Hamilton, doing business under the name of the Hamilton Real Estate Company, in which he described the land, defendant's interest in it, and stated his purpose to trade it for other property. Vawter and Hamilton and plaintiff had participated as agents in an unsuccessful attempt to bring about an exchange of this land for property in Jamesport before defendant had purchased his interest in the land which then was owned by Landis, and a Mr. Curry. The evidence of plaintiff tends to show that Vawter and Hamilton represented the owner of the Jamesport property and not Landis and Curry, and that the first information they received that defendant had become a part owner and proposed to exchange the land for other property was on the occasion of plaintiff's visit to Trenton we have mentioned. On the other hand the evidence of defendant is to the effect that Vawter and Hamilton were the agents of Landis and Curry in the Jamesport affair, that the land had been listed with them as "tradeable land" by Landis and Curry and that defendant notified them of the interest he had purchased and of .the purpose of Landis and himself to keep the land listed with them for sale or exchange.

Shortly after plaintiff's visit to Trenton a Mr. Nicholas called on Vawter and Hamilton about trad-

ing his residence and drug store in Trenton for farm land. Vawter states that Nicholas employed the firm as his agents to effect a trade and agreed to pay them a commission of 2½ per cent. "on the trading price" if they were successful. Vawter then wrote to both plaintiff and defendant that he had a trade in sight but plaintiff was away from home and did not receive the letter. Without hearing from plaintiff Vawter and Nicholas went to Cherryvale to inspect the farm. Vawter, so he states, employed a real estate agent at Cherryvale to show them the land as the representative of plaintiff, and paid him twenty-five dollars for his services. He charged this expense to plaintiff who afterwards paid it. After the return of Vawter and Nicholas, the latter, defendant and Landis met and consummated an exchange of the farm for the Trenton property on terms mutually satisfactory. Vawter and Hamilton received the agreed commission from Nicholas. Plaintiff did not learn of the trade until two or three weeks after it was made. He demanded a commision from defendant, the demand was refused and this suit followed. A trial by jury resulted in a verdict and judgment for him and defendant appealed.

The first subject to receive our attention is the contention of counsel for defendant that the court erred in refusing his demurrer to the evidence. First it is argued that plaintiff was not the procuring cause of the trade. The employment of plaintiff was "to find a deal" acceptable to defendant which meant that he was to find a person who was ready, willing and able to make a satisfactory exchange of properties with defendant. To fully perform such service and become entitled to the agreed commission he was not bound to procure a contract of sale or exchange but only to find a person who could and would trade with his principal on acceptable terms. As we observed in the recent cases of Park v. Culver, 169 Mo. App. l. c. 11, and Weidemeyer v. Woodrum, 168 Mo. App. 716, the

term "procuring and inducing cause" refers to the cause originating a series of events which without break of continuity results in the accomplishment of the object of the employment of the agent.

The evidence most favorable to plaintiff to which alone we must look in solving the issues raised by the demurrer, tends to show that his efforts originated the events which in continuous sequence ended in the attainment by his principal of the object of the employment. His conference with Vawter and Hamilton was the initiatory cause of the negotiations between Nicholas and defendant which ended in the exchange. The argument that Vawter and Hamilton were engaged by plaintiff to assist him in finding a purchaser and that they already had been employed first by Landis and Curry and then by Landis and defendant rests entirely on evidence of defendant which is contradicted by plaintiff, Vawter and Hamilton, who assert that no such relationships existed and that plaintiff came to them not to employ them as sub-agents but "to find a deal" with someone who had or would employ them as his agents. This evidence of plaintiff is substantial and reasonable and at this stage of the case must be accepted as conclusive.

The further argument that plaintiff falls under the rule forbidding an agent to act for both parties without the consent of both likewise appears to be founded on the inference abundantly permissible under the evidence of defendant but inconsistent with that of plaintiff, that plaintiff, Vawter and Hamilton conjoined in the transaction to obtain commissions from both parties and divide them. These conflicts in the evidence, as well as the question of the procuring cause of the exchange, are presented by the record as involving issues of fact for the jury to solve. The court did not err in overruling the demurrer to the evidence.

Points made by defendant relating to rulings on evidence and on the instructions have been examined and are ruled against the defendant. The cause was tried without prejudicial error and the judgment is affirmed. All concur.