No. 10,135.

GROMER, ET AL. v. PAPKE.

Decided June 5, 1922.

Action to enjoin the obstruction of a highway.    Injunction granted.

## Reversed.

1. PLEADING—*Ultimate Fact.*  The allegation that a certain street is a public highway, is an ultimate fact, like an allegation of ownership.

2.     *General Denial—Evidence.*  A complaint alleged that a certain street was a public highway.  Under a general denial, the introduction of any evidence tending to disprove the allegation was competent, and it was error to exclude a deed showing the street had been vacated, on the ground that the vacation had not been pleaded.

*Error to the District Court of Lincoln County, Hon. Arthur Cornforth, Judge.*

Mr. FLOYD J. WILSON, Mr. CHARLES H. BEELER, Mr. FREDERICK SASS, for plaintiffs in error.

Mr. JOHN G. REID, Mr. CHARLES H. HAINES, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error obtained a permanent injunction against the plaintiffs in error forbidding the obstruction of Boyd street, in the town of Hugo, and they bring error.

The complaint alleged that one Clarke, in 1886, filed a plat with a number of blocks subdivided into lots, which dedicated streets, including Boyd street, and that ever since that time Boyd street had been and remained a public highway; that the plaintiffs owned lots fronting thereon

and that the defendants had obstructed said street with a fence; and prayed for temporary and permanent injunction. Both were granted.

The answer contained a general denial and a statement that the defendants were the absolute and unqualified owners in fee of the obstructed portion of the street. This was denied by the replication.

On the trial the plaintiff introduced the Clarke plat, proved the building of the fence by defendants, gave evidence of damages and rested.

The defendants offered in evidence a deed of vacation, recorded November 16, 1907, which purports to vacate various streets and alleys in accordance with § 6521, R. S. 1908, including the obstructed portion of Boyd street. This was objected to and was excluded by the court on the ground that the vacation had not been pleaded. This was error. The allegation that Boyd street was a highway was an ultimate fact, like an allegation of ownership. See *Baker v. Cordwell*, 6 Colo. 199; *Elliott v. First Nat'l Bank of Greeley*, 30 Colo. 279, 70 Pac 421; *Updegraff v. Lesem*, 15 Colo. App. 297, 302, 62 Pac. 342. The plat and dedication were one kind of evidence of that fact, like the conveyances by which a plaintiff acquired ownership. Averments of a series of facts by which plaintiff acquired title are mere evidence. *Clink v. Thurston*, 47 Cal. 21; *Cuenin v. Halbouer*, 32 Colo. 51, 74 Pac. 885. See also *Pike v. Sutton*, 21 Colo. 84; 39 Pac. 1084. So of the facts by which the land in Boyd street became a highway. Highway or not was the real issue. The general denial permitted the introduction of any evidence tending to disprove the allegation, and the deed of vacation was competent to that end. *Payne v. Williams*, 62 Colo. 86, 91, 160 Pac. 196; *Sylvis v. Sylvis*, 11 Colo. 319, 17 Pac. 912; *Pike v. Sutton, supra*. See also *Cuenin v. Halbouer, supra; Swanson Theater Co. v. Pueblo Opera Block Inv. Co.*, 70 Colo. 83, 197 Pac. 762; *Hallack, etc. Lumber Co. v. Blake*, 4 Colo. App. 486, 36 Pac. 554; *Mott v. Baxter*, 29 Colo. 418, 421, 68 Pac. 220; *St. Louis L. B. B. Co. v. The Colo. Nat'l Bank,*

8 Colo. 70, 72, 5 Pac. 800. It was not a matter of confession and avoidance.

Defendants' allegation that they were owners of the portion of Boyd street in question did not improve their answer, on the contrary it tended to raise an issue of ownership, whereas ownership by defendants was, at most, merely evidence tending to disprove the status as a highway.

It appears from the record that at the date of said vacation the defendants or some of them owned the lots now owned by the plaintiff, but the deed by which they conveyed them, which was of a later date than the vacation, is not shown; we cannot, therefore, consider its effect.

Reversed and remanded.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.