No. 11,064.

## GRONDENBERG v. BAYLIES.

Decided April 6, 1925.

Action for real estate broker's commission.    Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Evidence.*  In reviewing the court's refusal to direct a verdict for defendant, the only question necessary to be determined is whether there is sufficient evidence to support a verdict for plaintiff.

2. BROKERS—*Real Estate—Commission.*  If the efforts of a broker are the efficient cause of a sale, he is entitled to a commission, although they were not the sole cause.

3.     *Sufficiency of Evidence.*  In an action for a real estate broker's commission, evidence held sufficient to support a verdict for plaintiff.

4. APPEAL AND ERROR—*Conflicting Evidence.*  A verdict based on conflicting evidence is conclusive on review.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. REES D. REES, Mr. C. E. WAMPLER, for plaintiff in error.

Messrs. HONAN & COOK, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a real estate broker to recover a commission on the sale of residence property.   There was

a verdict and judgment for plaintiff, and defendant brings the case here on error.

Error is assigned to the court's refusal to direct a verdict for defendant. The only question necessary to be determined is whether there is sufficient evidence to support the verdict.

The plaintiff testified, in substance, that defendant listed the property with her, as agent, for sale at $11,000, and afterwards the defendant, in a conversation with plaintiff, encouraged her to "bring a buyer" who might offer less than $11,000 and stated that he would "make the price all right." The plaintiff then agreed to reduce her commission to $300. On this point defendant remained silent, and apparently acquiesced in the agreement as to the amount of the agent's compensation.

The property in question was later sold by defendant to one Fannie May Hood. Most of the argument, on both sides, relates to the question whether plaintiff's efforts were the procuring cause of the sale. The plaintiff testified that she showed the property to Mrs. Hood in September, 1922, and Mrs. Hood examined it carefully. Mrs. Hood had not seen it prior to this time. Other testimony, shows that Mrs. Hood informed her husband of having seen the property before he took any action to acquire it. After plaintiff had shown the property to Mrs. Hood, the defendant, in October, 1922, gave an option on the same to one Harry Hurlbut, and Hurlbut later turned the option over to Hood. Hood then carried on negotiations with defendant for the purchase, and had the deed made out to Mrs. Hood. Hood and Hurlbut were occupying the same business office.

Mrs. Hood was not a witness, and therefore did not testify as to what or who was the procuring cause of her having purchased the property. If plaintiff's efforts were not the sole cause of the purchase, they may have nevertheless been the efficient cause, so as to entitle plaintiff to her commission. 9 C. J. 613, note 11 (c). Plaintiff's evidence, and all the circumstances surrounding the transactions

mentioned, were sufficient to support the verdict for plaintiff. Whatever may be said in favor of defendant's evidence, and of its conflict with plaintiff's testimony, would be for the jury to consider, but it cannot result in a holding, upon this review, that the verdict is manifestly against the weight of the evidence. The verdict is, therefore, conclusive upon us. There was no error in refusing to direct a verdict.

The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.