## No. 11,156.

## WADE v. NOWELS.

Decided February 1, 1926.

Action by real estate broker for commission for procuring a purchaser of land.   Judgment for defendant.

### Reversed.

1.  PLEADING—*General Denial—Evidence.*   Under a denial evidence of any fact inconsistent with the fact denied is relevant to the issue, and, if material and competent, must be admitted.

2.  INSTRUCTIONS—*Not Applicable.*   The giving of an instruction which is not applicable to the facts in evidence or the issues, is error.

3.  BROKERS—*Real Estate—Commission.*   A real estate broker who produces a purchaser for land pursuant to his contract of employment is entitled to a commission.

4.  *Real Estate—Instructions.*   In an action by a real estate broker for a commission for procuring a purchaser pursuant to the terms of his contract of employment, an instruction which required him to further prove that he was the procuring cause of the sale, held erroneous.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. GORDON & GORDON, for plaintiff in error.

Mr. GRANBY HILLYER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

NOWELS had a verdict and judgment in an action by Wade against him for a commission on sale of land, and Wade comes here on error.

The complaint alleges that on or about November 1, 1920, Nowels employed Wade to find a purchaser for a large ranch in Baca county and promised to pay him a commission of five per cent of the price of the land or any part thereof when a binding contract to buy had been made with defendant by such purchaser, and that the plaintiff procured one Brooks who entered into such a contract. The answer denied both the promise to pay a commission and that plaintiff procured the purchaser. The issues, then, were: (1) Promise to pay commission or not; (2) production of a purchaser or not.

The plaintiff testified to a promise by defendant on or about November 1, 1920; to the production of Brooks as a purchaser the following May, and a contract of sale between Brooks and defendant in June, 1921. The defendant, against objection and exception, was permitted to show written contract of option made before October 1, 1920, between defendant of the one part and plaintiff and another of the other part, whereby plaintiff and his associate had a net price on the land now in question and other land and that December 21, 1920, they sold that other land, 800 acres, and made a profit greater than five per cent. The admission of this evidence is assigned as error. It was right. Upon a denial, any fact inconsistent with the fact denied is relevant to the issue, and, if material and competent, as this evidence was, must be admitted. *Payne v. Williams,* 62 Colo. 86, 160 Pac. 196; *Benish v. Jones,* 68 Colo. 484, 190 Pac. 538; *Gromer v. Papke,* 71 Colo. 440, 207 Pac. 862; *Bijou Dist. v. Cateran Co.,* 73 Colo. 93, 213 Pac. 999; *Schraeder v. Mitchell,* 73 Colo. 320, 322, 215 Pac. 147; *Casco Co. v. Central Co.,* 75 Colo. 478, 480, 226 Pac. 868. The evidence in question showed conduct of the plaintiff inconsistent with his claim that defendant had made the contract of November 1st, and so was properly admitted; its weight, of course, was for the jury.

It is claimed that instructions were erroneous. The court gave instruction No. 2 as follows: "The fact that the transaction which the broker was authorized to negotiate

is finally consummated does not of itself entitle the broker to a commission; he must have been the procuring cause of the transaction, in the absence of some agreement between him and the principal to the contrary, else no compensation is due. This is true, although the broker had negotiated with the person with whom the principal finally contracted; the fact that a broker finds a customer with whom the principal closes a contract without the broker's further aid does not give him a right to a commission, unless he was the procuring cause of the transaction."

The plaintiff objected and excepted on the ground that it was not applicable to the facts in evidence or the issues. The exceptions were well taken. There was no issue as to the plaintiff procuring the sale or being the procuring cause of it. There was an issue as to his production of a purchaser, and, if he had produced one, pursuant to the contract of employment alleged, he would be entitled to the commission. *Craft v. Livernash,* 27 Colo. App. 1, 146 Pac. 121; *Fist v. Currie,* 49 Colo. 284, 112 Pac. 689. The instruction requires him to further prove that he was the procuring cause of the sale, and so was erroneous. Instruction 2½ cannot cure the error.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.