## No. 11,957.

ETCHISON, ET AL. *v.* STRAIN, ET AL.

Decided December 12, 1927.

Action to determine ownership of fund derived from sale of chattels. Judgment of distribution.

*Affirmed.*

### On Application for Supersedeas.

1. PERSONAL PROPERTY—*Chattel Mortgage—Execution Creditor.* As between a claimant under a chattel mortgage and a subsequent execution creditor, the former is held to have the better title to a fund derived from a sale of the property.

2. *Chattel Mortgage—Execution Creditor.* In an action to determine conflicting claims to a fund derived from the sale of chattel property, the contention that a chattel mortgage, under which one of the parties claimed, was not pleaded, overruled, where it appeared that a copy of the mortgage was attached to the answer and made a part of it by specific reference.

3. PLEADING—*Waiver.* If pleadings are vulnerable to demurrer or motion for uncertainty, the objection, if any, is lost by not being interposed at the proper time.

4. EVIDENCE—*Documents.* A copy of a chattel mortgage which was sufficiently identified, in the files of the case, and used by the court and parties throughout the trial without objection, held to have been in evidence.

5. SALES—*Chattel Property.* In an action between a chattel mortgagee and an execution creditor over the right to a fund derived from the sale of unencumbered personal property, the latter is held to be in the position of a bona fide purchaser.

6. APPEAL AND ERROR—*Parties.* On review, although a person is named as plaintiff in error, if he has entered no appearance and no errors are assigned upon his behalf, he is not a party to the record.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Mr. BYRON G. ROGERS, for plaintiffs in error.

Messrs. TODD & UNDERWOOD, for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ETCHISON, one of the plaintiffs in error, is custodian of funds that are claimed by The Commercial Bank of Las Animas, another plaintiff in error, which funds are also claimed by Strain et al., copartners doing business under the name of The Farmers Mercantile Company, defendant in error.

The court awarded the money partly to the bank and partly to Strain et al., (hereinafter referred to as Strain), but the amount is insufficient to satisfy the claims of the parties in full, in consequence of which they complain of the judgment. Etchison and the bank assign errors, and Strain assigns cross-errors.

Etchison acquired the money in his capacity as clerk of a public auction sale of certain goods and chattels. They were owned partly by a farmer by the name of Doyle, and partly by one Towne. The sale was joint, conducted by the same auctioneers and clerked by the same man, Etchison. Towne's part has been segregated; it is not involved; the money in controversy is that which was derived from the sale of Doyle's chattels, he being indebted to the bank and also to Strain.

The bank rests its claims to the proceeds of the sale of the Doyle chattels on two bases: First, on Doyle's promissory note, secured by chattel mortgage on a part of the personalty so sold. This claim was allowed, to the full extent of the money so realized. However, it was not enough to fully discharge the mortgage debt. The second claim asserted by the bank was on account of an unsecured note from Doyle to the bank. It contended that Etchison, in acting as clerk at the auction sale, was

its representative to so act, and to deliver the money to the bank to be applied on the secured and unsecured Doyle notes. The court disallowed the second claim, which resulted in part payment only on the secured note, and nothing on the unsecured paper, to which the bank excepts.

The Strain claim to the Doyle money is by virtue of a judgment obtained by the firm against Doyle, execution thereon, and garnishment process served on Etchison on the day of the sale. The Doyle chattel mortgage to the bank is senior in time to Strain's execution and garnishment. The court allowed Strain the net proceeds derived from the sale of all that part of Doyle's property which was not covered by the bank mortgage. This amount was insufficient to discharge the judgment debt. Counsel for Strain assert that the chattel mortgage should not have been allowed to take precedence over the judgment, because, they say, the chattel mortgage was not pleaded or proven.

1. The allowance of the claim of the bank to the extent of its mortgage on the Doyle chattels was correct, because such mortgage was senior to the execution and garnishment. The contention of counsel for Strain that the chattel mortgage was not pleaded is untenable. Etchison's answer to the garnishee summons showed it, and that the bank claimed the money; a copy of the mortgage was attached to the answer and made a part of it by specific reference; it purported to be a copy of the same, with the time and place of record endorsed thereon. Strain traversed the answer and the bank intervened. The bank in its intervention claimed that it had employed Etchison and that he was its representative at the auction sale. Counsel for Strain admitted in open court that the statute allowed such intervention, but made no objection to its being filed, nor to its form or sufficiency; Strain filed a general denial to the petition in intervention. The case went to trial on the issues thus joined. If the pleadings were vulnerable to demurrer or motion

for uncertainty, the objection, if any, was lost by not being interposed at the proper time.

2. The claim that the mortgage was not in evidence is not well taken, as appears from a question that one of counsel for Strain put to the witness Etchison, and the latter's answer thereto, as follows: "Q. Have you a copy of that mortgage with you? A. No, I haven't a copy of the mortgage; it is in the files." The point was not further pursued by counsel; such copy was in the files, attached to the garnishee's answer, and is in the record before us. It was not the best evidence, but this objection was not made, and so was lost. As secondary evidence, the copy of the mortgage was sufficiently identified, and was used by the trial court and parties throughout the whole trial without objection. Counsel themselves, representing Strain, developed the bank's case by bringing out on cross-examination of the bank's witnesses, whatever was lacking in the proof of the bank's mortgage, its notes, and the balance due thereon. Counsel have unconsciously made a target of their own works in the district court. It is unavailing.

3. The auction sale was advertised with large printed handbills, describing the property to be sold. They were signed, "Doyle and Towne, Owners." Ostensibly, the entire matter was in their custody and control. Bennett, cashier of the bank, testified that this met with the approval of the bank directors, because it was thought that the chattels would bring more money that way than if it were generally believed that it was a forced sale. But the law is that as to the unencumbered Doyle chattels and proceeds thereof, Strain, as execution creditor, was in the position of a bona fide purchaser. *Schraeder v. Mitchell,* 73 Colo. 320, 322, 215 Pac. 147.

4. Although Doyle is named as one of the plaintiffs in error, he is in fact not a party to the record, for he has entered no appearance in this court and no errors are assigned upon his behalf.

5. As to Etchison, the total that he is required to pay, part to the bank and part to Strain, is the amount that he admits is in his hands, derived from the sale of the Doyle chattels, less necessary expenses of the auction sale. It is right as to him.

6. The judgment as to all parties is correct to a penny. We are impressed with the propriety of its complete affirmance, and it is so ordered.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.