No. 13,048.

Houston et al. *v.* H. G. Wolff and Son Investment Company.

(28 P. [2d] 255)

Decided December 18, 1933.

Mr. JOHN S. STIDGER, for plaintiffs in error.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as Houston and defendant in error as Wolff.

Wolff, a real estate broker, sued Houston for $750 commission on a trade, and had a verdict for approximately that sum on which judgment was entered. To review that judgment Houston prosecutes this writ. We have heretofore denied a supersedeas in this cause. On its final presentation no reply brief was filed.

The errors assigned are: (1) Certain evidence should have been excluded; (2) plaintiff's motion for nonsuit should have been sustained; (3) demurrer to the complaint should have been sustained; (4) motion for di-

rected verdict should have been sustained; (5) two instructions refused should have been given and two given should have been refused.

The demurrer, which was oral, came at the close of all the evidence. It was immediately followed by the motion to direct a verdict. These, and the motion for nonsuit, apparently rest on the same ground. They may best be considered under sufficiency of evidence. We thus reduce the questions for consideration to three, i. e.: (1) Admissibility of evidence; (2) sufficiency of evidence; (3) correctness of instructions. Comprehension of these requires a brief statement of facts.

Houston owned ''Sunnyside'' and listed it with Wolff for exchange at an estimated value of $15,000. No terms were specified. The exchange was clearly to be any trade acceptable to the owner. Wolff interested Olmstead, a broker, who represented Tibbetts. A proposition was thus made that Houston trade Sunnyside to Tibbetts for a house owned by the latter, plus three notes with their security, plus $6,000 in ''Continental'' stock. Houston objected to the stock and Tibbetts offered to substitute an automobile for half of it. Houston was satisfied with the pro rata substitution but objected to the remaining stock. Wolff undertook to get cash in lieu thereof and continued his efforts. Thus far negotiations had been conducted by the brokers. Now Olmstead, with Wolff's consent, interviewed Houston and disclosed the identity of his client, Tibbetts. About two weeks thereafter Houston and Tibbetts closed a deal direct with $2,500 cash substituted for the last $3,000 in stock. Aside from this modification the Tibbetts property passed to Houston was that included in the second proposition, i. e., the house, the notes and the automobile. In other words Houston, dealing direct with Tibbetts, put through the identical trade his broker had negotiated and was attempting to close, by reducing his price $500 and getting cash instead of stock.

1. Olmstead testified concerning his efforts to

keep Tibbetts interested in the deal. The objection was made that certain conversations recited were hearsay and incompetent because not in the presence of Houston. That to which the assignment relates merely gives pending legislation as an excuse for interrupting negotiations and its adoption as a reason for their resumption. Right or wrong the ruling was clearly without prejudice.

2. The objection to the complaint was that it failed to allege that Wolff found a "purchaser ready, willing and able to buy upon the terms specified." Of course this was a trade, not a sale and no terms were "specified." The same point is made in the motion for a directed verdict. The latter also embodies the contention that the evidence does not establish that Wolff was the procuring cause of the final transaction but does show that Wolff had abandoned the deal. The motion for nonsuit was based upon the single ground that "plaintiff has failed to substantiate his cause of action." Since Houston and Tibbetts circumvented their brokers while the latter were still negotiating, by dealing direct, Houston is in no position to raise this question of "procuring cause" as to the "final transaction." On the question of abandonment the evidence was conflicting. It was submitted to the jury under proper instructions and the verdict is binding. It is further contended that no recovery can be had because Wolff did not introduce Houston and Tibbetts. The broker's failure to introduce the principals has nothing to do with his claim for commission; *Satisfaction T. & I. Co. v. York*, 54 Colo. 566, 571, 131 Pac. 444; *Minks v. Clark*, 70 Colo. 323, 325, 201 Pac. 45. The question is, Was the transaction which the broker was authorized to negotiate substantially consummated as the direct result of his efforts? 9 C. J., p. 611, §95.

Where the parties are brought together and the trade effected by the agency of the broker, it will not defeat the claim for commission that the owner himself closed with the broker's client on terms slightly differing

from those quoted. *Morgan v. Howard Realty Co.*, 68 Colo. 414, 416, 191 Pac. 114; *Geiger v. Kiser*, 47 Colo. 297, 305, 107 Pac. 267.

3. On the question of instructions it is sufficient to say that but two of those given are presented by the abstract. If the others were correct we find nothing wrong with these. In such case the presumption here is that the jury was properly instructed. *Hall v. Farmers Bank,* 74 Colo. 165, 172, 220 Pac. 237.

Counsel for Houston relies on *Hodgin v. Palmer*, 72 Colo. 331, 211 Pac. 373. It does not support him. There the owner had fixed a definite minimum, and the purchaser a definite maximum, price, and these were more than $200 apart. There the purchaser had notified the broker that his offer must be accepted by a day certain or he would negotiate no further. The time had expired and with it all hope of progress. Here no final prices had been fixed, no time limit set, and negotiations were still open with hope of success. Moreover, the rule that every presumption favors the judgment was against the broker in the Hodgin case, but in his favor here. There we were obliged to view the evidence in the light most unfavorable to him, here in the light most favorable.

All other questions presented by this record are of disputed facts on conflicting testimony. The verdict settled them. Assuming, as we must, that it settled them correctly, this was but another case of an owner circumventing his broker by appropriating his client and seeking to escape a commission by slight changes in the terms of the trade. In other words, without paying for the seed he sought to reap the field the broker had sowed. The scheme is very old, but so is the law which frustrates it.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.