No. 16,846.

COWGILL ET AL. *v.* DON NEET, DOING BUSINESS AS
NEET REALTY COMPANY.
(255 P. [2d] 399)

Decided March 9, 1953.   Rehearing denied March 30, 1953.

Mr. CLAY R. APPLE, Mr. L. J. WEST, Mr. P. M. MARR,
of counsel, for plaintiffs in error.

Messrs. HOUTCHENS & HOUTCHENS, for defendant in
error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

IN THE trial court defendant in error was plaintiff and
plaintiffs in error were defendants. We shall refer to

the parties hereto by name, or as they appeared in that court. Plaintiff is a Colorado real-estate broker, and defendants are real-estate brokers in Missouri. The active participant in this matter for plaintiff was Earl Neet, and D. H. Cowgill acted for defendants.

In his amended complaint plaintiff alleged that he and defendants entered into an agreement providing for the equal division of commissions on the sale of real estate in the event plaintiff would furnish defendants a buyer for properties listed for sale or trade by defendants in Missouri, and that plaintiff would divide commissions received by him on sales or trades made to persons sent to him by defendants. Plaintiff further alleged that pursuant to said agreement he furnished to defendants a buyer for a certain farm near Kirksville, Missouri, known as the Dambacher farm; that on October 24, 1949, plaintiff's salesman showed said farm to Lawrence Howell, Kenneth Howell and Riley Howell; that in the early part of 1950 Kenneth Howell purchased said farm; that defendants collected a commission of fifty-eight hundred dollars on account of said sale, and that after demand defendants refused to pay plaintiff one-half of said commission. Defendants denied the alleged agreement; denied any liability to plaintiff; admitted that Kenneth Howell acquired title to said farm property in the spring of 1950, and that defendants collected a commission of fifty-eight hundred dollars on account of said transaction.

Trial was to the court without a jury, and resulted in findings and judgment in favor of defendants. Motion for new trial was filed by plaintiff and granted. The same trial judge heard the case a second time. Upon the second trial a transcript of the testimony given on the first trial was, by stipulation, received in evidence, and additional evidence was introduced. Judgment was for plaintiff, and defendants bring the cause here for review by writ of error. The only specification of error meriting consideration is that, the findings and judg-

ment of the trial court are contrary to the law and the evidence.

It is disclosed by the record that defendants were real-estate brokers in Missouri and circularized plaintiff and other real-estate brokers in other states with some of their listings, and solicited cooperation from these real-estate agents. In addition there was evidence of conversations between plaintiff and defendants concerning the agreement to split commissions on the basis alleged by plaintiff.

Lawrence Howell, a resident of Colorado, owned certain property in this state which he listed with plaintiff and which property he was willing to sell or trade for other property. In October, 1949, Earl Neet, representative of plaintiff, was in Missouri and telephoned Lawrence Howell requesting him to come there and inspect some Missouri farm property with a view of trading his Colorado ranch therefor. This Missouri property was listed with defendants. Lawrence Howell went to Missouri taking with him his son, Riley Howell. There is evidence in the record that when plaintiff telephoned to Lawrence Howell, requesting him to come to Missouri and inspect some property, Lawrence Howell asked if he could bring his brother Kenneth along, and that Earl Neet approved the proposal. About midnight on October 23, 1949, Lawrence Howell arrived at the home of his brother, Kenneth Howell, in Missouri, and requested his brother to accompany him on an inspection of the property mentioned by plaintiff. Kenneth Howell accompanied his brother to Humphreys, Missouri, and there all parties met, including plaintiff's salesman, Earl Neet, and a representative of defendants, D. H. Cowgill. The farm shown did not meet with the approval of either Lawrence Howell or Kenneth Howell. There is some evidence in the record that Lawrence and Kenneth Howell asked the defendants' representative if he did not have a better property to show them and plaintiff's evidence indicates that his salesman asked the parties be shown the

Dambacher property on which property defendants had an exclusive agency listing. All parties inspected the Dambacher farm. On this occasion no agreement for sale or trade was entered into, Mr. Dambacher being unwilling to trade for Colorado property belonging to Lawrence Howell. In December, 1949, Kenneth Howell sold an Iowa farm owned by him, and being desirous of acquiring another farm, told his Iowa agent about the Dambacher property, and together they went to see the property and to interview Mr. Dambacher, the owner. Kenneth Howell proposed to trade, as part consideration, a business property he had acquired in the sale of his Iowa farm. He was unable to conclude a deal with Mr. Dambacher. The Iowa agent, Mr. Haney, advised Kenneth Howell, "If you trade on that farm you will have to do it some other way." Whereupon Kenneth Howell and Mr. Haney went to the office of defendants, and after rather extensive and prolonged negotiations a contract between Dambacher and Kenneth Howell for the exchange of properties was entered into, and later deeds were exchanged.

There is some evidence in the record that even before the Kenneth Howell-Dambacher deal was consummated, plaintiff made known his claim for one-half of the commission. The deal having been closed and defendants having refused to pay plaintiff, he instituted this action to recover fifty per cent of the commission received by defendants.

The trial court on two occasions determined that there was an agreement between plaintiff and defendants for an equal division of commissions in the event plaintiff sent defendants a buyer for any of the property listed by defendants. While this agreement was denied by defendants, there is evidence in the record, both oral and documentary, to support this finding of the trial court on this issue, and we are bound by this finding.

We now come to the question, did plaintiff procure, produce or send to defendants a purchaser for the Dam-

bacher farm? There is evidence in the record that when Lawrence Howell went to Missouri he did not know just what farm he was to inspect. It is definitely established by the evidence that plaintiff was acquainted with the Dambacher farm, having seen it in company with defendants' representative in May, 1949. After Lawrence and Kenneth Howell stated that they were not interested in the first farm shown them in October, 1949, Earl Neet testified that he asked Cowgill to show the parties the Dambacher property. He also testified that he told D. H. Cowgill that Kenneth Howell was interested in the Dambacher farm, and a prospective purchaser. Lawrence Howell testified that on this October visit Kenneth Howell "fell in love with it (the Dambacher property) the same as I did." D. H. Cowgill testified that it was at Earl Neet's suggestion that the parties went over to inspect the property which Kenneth later acquired.

The evidence upon all the issues involved is conflicting and for that reason we must take the story of the case most favorable to the defendant in error, upon the well-known rule that, if we find in the record competent evidence, which might have been believed by the trial court, that finding should not be disturbed on appeal. *Allen v. Bank,* 120 Colo. 275, 208 P. (2d) 935.

In *Wade v. Nowels,* 78 Colo. 585, 243 Pac. 542, it was said: "There was an issue as to his [broker's] production of a purchaser, and, if he had produced one, pursuant to the contract of employment alleged, he would be entitled to the commission." Citing *Craft v. Livernash,* 27 Colo. App. 1, 146 Pac. 121; *Fist v. Currie,* 49 Colo. 284, 112 Pac. 689.

In *Gleason v. Nelson,* 162 Mass. 245, 38 N. E. 497, the rule is stated as follows: "The general rule of law applicable to a case like this is, that, where there has been no direct communication between the broker and the the purchaser, it must be shown affirmatively that the latter was induced to enter into the negotiations which

resulted in the purchase through the means employed by the broker for that purpose. If the broker employed other persons to aid him, whether under pay or not, or if he put up maps, signs, notices or otherwise advertised the property, by means of which a person was induced to open negotiations with the owner which resulted in his buying the property, the sale may be said to have been effected through the broker's instrumentality. But it must be made to appear that what the broker did was the immediate and efficient cause of such negotiations."

Clearly, in the instant case, Kenneth Howell would never have known anything about the Dambacher farm had it not been for the fact that defendants enlisted the services of plaintiff to find a purchaser for the land, and the chain of events which followed. Kenneth Howell went to Missouri, saw the farm which he later purchased, and the record is replete with evidence that had it not been for this initial trip he would never have returned to this section of Missouri, or known anything about the Dambacher property being for sale. The trial court determined that what plaintiff did was the immediate and efficient cause of the sale.

In *Grondenberg v. Baylies,* 77 Colo. 163, 234 Pac. 1064, the jury found in favor of the broker, and we said: "The only question necessary to be determined is whether there is sufficient evidence to support the verdict."

Mr. Justice Burke, in *Houston v. Investment Co.,* 94 Colo. 73, 28 P. (2d) 255, said: "The question is, was the transaction which the broker was authorized to negotiate substantially consummated as the direct result of his efforts. * * * All other questions presented by this record are of disputed facts on conflicting testimony. The verdict settled them."

In *Hafner v. Herron,* 165 Ill. 242, 46 N. E. 211, the court said: "Nor is it always necessary, that the purchaser should be actually introduced to the owner by the broker, provided it appears affirmatively, that the

purchaser was induced to apply to the owner through the instrumentality of the broker, or through means employed by the broker. It is sufficient if the sale is effected through the efforts of the broker, *or through information derived from him.*" (Emphasis supplied.)

In *Sessions v. Pacific Improvement Co.*, 57 Cal. App. 1, 206 Pac. 653, it was said: "He who shakes the tree is the one to gather the fruit." In the same case the court said: "Viewing the case in its entirety, we conclude that plaintiff was both legally and morally entitled to the compensation awarded him. It was through him as the moving cause that the interest which induced the purchase was awakened and sustained without break in continuity until the final consummation. He it was who shook the tree, and it would be a miscarriage of justice if he were to be deprived of the fruit of his labor."

So, in the instant case, plaintiff set in motion a chain of events, which without break in their continuity, brought about a sale of the farm to Kenneth Howell. The prime object of the employment of plaintiff by defendants was to make a sale of property which defendants had listed. A series of events which plaintiff originated brought about this result which defendants desired. *Nooning v. Miller,* 178 Missouri App. 297, 165 S. W. 1119.

*Satisfaction Title and Investment Co. v. York*, 54 Colo. 566, 131 Pac. 444, is in many respects like the instant case. Our court there held that, "It is well settled that as to whether or not the plaintiff was the efficient means of bringing the seller and purchaser together, was for the jury and not for the court. * * * In order to entitle the plaintiff to recover it is not necessary that the broker should know the purchaser, or that the latter should be introduced by the broker to the owner. The fact of employment being conceded and with no dispute as to the price of the lands or the amount of the commission, it is sufficient if the broker shows that he was the mov-

ing cause of sale." Citing *Leonard v. Roberts*, 20 Colo. 88; *Leech v. Clemons*, 14 Colo. App. 45; *Williams v. Bishop*, 11 Colo. App. 378.

Under the rule we cannot set aside the findings of the trial judge as there is ample evidence in the record to sustain his ruling on this issue.

The judgment is affirmed.

MR. JUSTICE BRADFIELD not participating.