533 P.2d 952 (1975)
Kathleen HUNTER, Plaintiff-Appellee,
v.
Gordon HAYES and Winslow Construction Company, Defendants-Appellants.
No. 74-239.
Colorado Court of Appeals, Div. II.
March 25, 1975.
*953 Edward J. Muhr, James A. Littlepage, Denver, for plaintiff-appellee.
Gerald M. Madsen, Littleton, for defendants-appellants.
Not Selected for Official Publication.
KELLY, Judge.
Defendants, Gordon Hayes and Winslow Construction Co., appeal from a $700 judgment for plaintiff, Kathleen Hunter, in an action based on defendants' unfulfilled promise to employ Hunter as a flag girl on a construction job. Trial was to the court, which found that defendants had offered Hunter a job to begin on June 14, 1971, and that Hunter, relying on this offer, terminated her position at the telephone company and was unemployed for two months, despite her efforts to find other employment.
On appeal, the defendants urge as grounds for reversal (1) that there was insufficient evidence to support the trial court's findings; (2) that there was no evidence of a meeting of the minds, and thus, no contract existed which could have been breached; (3) that the plaintiff failed to prove damages; and (4) that the trial court failed to consider the terms of the collective bargaining agreement between the defendant, Winslow Construction Co., and Laborers International Union of North America, Local 720, governing the hiring practices of the company. Finding no merit to these contentions, we affirm the judgment of the trial court.
When a trial court's findings are supported by the record, we are bound by these findings unless the evidence is wholly insufficient to support them. See Cowgill v. Neet, 127 Colo. 184, 255 P.2d 399. The credibility and sufficiency of the witnesses' testimony and the conclusions to be drawn therefrom are within the province of the trial court when it is the finder of fact. See Adler v. Adler, 167 Colo. 145, 445 P.2d 906. Here, the testimony of Hunter's witnesses, though controverted, was more than enough to support the trial court's findings.
The defendants' contention that there was no evidence of a meeting of the minds on all the terms of a contract is accurate, but irrelevant in this case. The plaintiff both pleaded and proved her detrimental reliance on defendant Hayes' promise of employment. The trial court's findings and judgment were clearly based on the doctrine of promissory estoppel, which was approved and applied by this court in Mooney v. Craddock, Colo.App., 530 P.2d 1302, quoting the Restatement of Contracts § 90, as follows:
"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."
Here, the record shows that Hayes not only offered Hunter a job which was to begin on June 14, 1971, but also told her to terminate her position at the telephone company. Having done as she was biddenas Hayes should have foreseen she wouldHunter was out of work for two months.
These circumstances permit the application of the doctrine of promissory estoppel and allow the enforcement of the promise without evidence of a meeting of the minds or consideration, Mooney v. Craddock, supra; Hoffman v. Red Owl Stores, Inc., 26 Wis.2d 683, 133 N.W.2d 267. Thus, the absence of evidence of a meeting of the minds was immaterial.
The defendants' argument that Hunter failed to prove that she was damaged *954 is also without foundation. The damages awarded by the trial court were based on Hunter's monthly wages at the telephone company, namely, $350 per month, and on the period of her unemployment. When a plaintiff's recovery is predicated on findings of a promise and detrimental reliance thereon, there is no fixed measure of damages to be applied in every case. Rather, the amount of damages should be tailored to fit the facts of each case and should be only that amount which justice requires. See Hoffman v. Red Owl Stores, Inc., supra; 1A A. Corbin, Contracts § 200. Here, the damages awarded compensated Hunter only for the direct loss she suffered as a result of her reliance on the promised employment. This amount was not unreasonable.
The collective bargaining agreement between Winslow Construction Co. and the labor union has no bearing on the legal issues in this case. Its only significance was as evidence that Hayes did not promise employment to Hunter contrary to the terms of the agreement. Since the agreement was admitted in evidence, it must be assumed, in the absence of any indication in the record to the contrary, that it was considered by the trial court along with other evidence on this issue. The question having been resolved against the defendants by the trier of fact, defendants' argument that the trial court failed to consider and apply the terms of the agreement must fall.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.